Lavern **MARQUARDT**, and Earline Marquardt, Plaintiffs-Appellees,

v.

**NORTH AMERICAN CAR CORPORATION, Defendant-Appellant.**

No. 80–2489.

United States Court of Appeals, Seventh Circuit.

Argued April 29, 1981.

Decided June 30, 1981.

As Corrected July 10, 1981.

R. Clay Bennett, Chicago, Ill., for defendant-appellant.

C. Marshall Friedman and Newton G. McCoy, Friedman, Weitzman & Friedman, St. Louis, Mo., for plaintiffs-appellees.

Before SWYGERT and SPRECHER, Circuit Judges, and WYATT, Senior District Judge.*

* Honorable Inzer B. Wyatt, Senior District Judge for the Southern District of New York, is sitting by designation.

SPRECHER, Circuit Judge.

North American Car Corporation ("Company") appeals from the district court's order denying the Company's motion for attorneys' fees and costs. In the underlying action, Lavern and Earline Marquardt sued the Company pursuant to section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. The Marquardts later voluntarily dismissed the suit. The Company claims that, under any standard this court might adopt governing the award of attorneys' fees and costs to defendants in ERISA cases, the district court should have awarded attorneys' fees and costs to the Company pursuant to section 502(g) of ERISA, 29 U.S.C. § 1132(g). Furthermore, the Company argues that the district court abused its discretion by denying attorneys' fees and costs without an explanation of its reasons. On the basis of this argument, the Company asks for a remand to the district court.

We find that, while an explanation by the district court would have been helpful, there is no need for a remand to the district court since we find that the record in this case can only support a denial of attorneys' fees and costs to the Company. Indeed, we find the Company's delay tactics in this action reprehensible. We are tempted to impose sanctions pursuant to Rule 38 Fed.R. App.P. for a frivolous appeal because it is obvious that an award of fees to the Company would be unjust. But, because this appeal presents an issue of first impression concerning the standard for awarding fees to ERISA defendants, we will not impose the Rule 38 sanctions.

I

On May 31, 1976, the Company closed its Fond du Lac, Wisconsin, facility. At that time, Lavern Marquardt had worked at the plant for approximately 40 years and was 61 years old. The Company claims that Marquardt was offered the option of transferring to one of the Company's other facil-

ities in Chicago Ridge, Illinois, or Waterloo, Iowa, and that he declined the offer. Marquardt contends he was not offered an option to transfer instead of being terminated. Under the terms of the Company's pension plan, by terminating at age 61 Marquardt was entitled to only an actuarily reduced pension, rather than the full pension he would have received had he worked until age 62.

The Marquardts instituted this action against the Company, alleging that the Company violated section 510 of ERISA, 29 U.S.C. § 1140.[1] Marquardt claims that the Company discriminated against him in order to interfere with his pension rights under ERISA by (1) denying him the option to remain employed with the Company until age 62, and (2) permitting another employee to "age into" pension benefits although he had not yet reached age 60 at the time of the Fond du Lac closure.

The district court never reached the merits of the Marquardts' complaint because the Marquardts voluntarily moved to dismiss the action with prejudice on the day of trial, July 7, 1980. The court granted this motion. The Company then orally moved for attorneys' fees and costs pursuant to section 502(g) of ERISA, 29 U.S.C. § 1132(g). The court allowed both parties to brief the issue and denied the Company's motion on September 19, 1980. The Company appeals, arguing that the Marquardts' action was "baseless, frivolous, and vexatious," so that under any standard, the district court abused its discretion by refusing to award attorneys' fees and costs.

## II

■ Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." This provision commits the decision whether to award attorneys' fees to the discretion of the district court. Therefore, the district court's determination should be reversed only for abuse of discretion. *Hummel v. S. E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980); *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980).

■ The law is not settled regarding the standards for determining abuse of discretion in denying attorneys' fees under ERISA. Some courts of appeal have found it necessary to remand the case to the district court where, as here, the trial court rendered its decision without giving reasons for its decision. *Hummel*, 634 F.2d at 452–53; *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). In each of these cases, the court listed the following factors that the district court should consider in exercising its discretion under § 1132(g):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummel*, 634 F.2d at 452; *Iron Workers*, 624 F.2d at 1266. *See also Eaves v. Penn*, 587 F.2d 453, 465 (10th Cir. 1978); *Baeten v. Van Ess*, 474 F.Supp. 1324, 1332 (E.D.Wis. 1979).

We do not hold that these five factors constitute the only test which the district court can use in deciding whether to award attorneys' fees under ERISA. We do find, however, that these factors are relevant and useful in our analysis of whether the district court abused its discretion by refusing to award attorneys' fees and costs.

---

1. 29 U.S.C. § 1140 provides in pertinent part:
   It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provision of an employee benefit plan, ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act....

## A

First, we consider the first and fifth factors listed above, the Marquardts' "culpability or bad faith" and the "relative merits of the parties' positions." These factors are considered together because the Company argues that the Marquardts' suit was so frivolous that they should be adjudged "culpable" solely for continuing to litigate their ERISA claim.

Since the underlying ERISA action was dismissed, the merits of the parties' positions were never adjudicated. In the absence of a decision on the merits, we find that, for purposes of determining defendant's entitlement to attorneys' fees, a dismissal by an ERISA plaintiff does not have the same weight as if defendant prevailed on the merits.[2]

The weight accorded the Marquardts' dismissal must also be considered in light of the Company's dilatory tactics prior to the dismissal. The complaint was filed on June 25, 1979, and the Company was served on June 27. But the Company did not respond until August 17, and then only filed an appearance of counsel. After successfully resisting a motion for default judgment, the Company filed no responsive pleadings until October 1, when it filed a motion to dismiss or in the alternative for summary judgment. The motion was denied on December 18, 1979. The Company finally filed its answer to the complaint on January 11, 1980.

In February, 1980, the Marquardts directed interrogatories and a request for production of documents to the Company. The Company did not respond to these discovery requests. The Marquardts filed a motion to compel on June 12, nearly four months after the requests had been filed and served on the Company. The court ordered the Company to comply with the discovery requests by June 27.

The Company's first and only interrogatories were served on the Marquardts' counsel by telegram on June 28. Responses were served by telegram on July 5, only five days later. All of the depositions in this action were taken during the two and a half weeks immediately prior to the assigned trial date of July 7, 1980.

The Company argues that the delays in responding to discovery requests can be justified by the geography of the case: the action was filed in Springfield, Illinois; the Marquardts live in Baraboo, Wisconsin; the Marquardts' chief counsel is from St. Louis, Missouri; and the Company's counsel is from Chicago. But the distances involved here do not present an unusual or difficult situation. Modern litigation commonly involves greater distances and more parties in different locations than were involved here. Thus, the Company's failure to cooperate in discovery cannot be excused. Assuming that the Company's discovery responses contributed to the Marquardts' decision to dismiss, the Company itself must bear much of the blame for the late date of the Marquardts' voluntary dismissal.

## B

The next factor we consider is the parties' ability to pay. Lavern Marquardt is a retired man in his sixties. He receives an actuarily reduced pension from the Company, and the record does not show that he has any significant alternative source of funds. The Company argues that Marquardt's union has financed this action, and that defendant will not be required to personally satisfy an award of attorneys' fees and costs. But, the union is not a party here. Any award of attorneys' fees and costs would be against the Marquardts personally. We cannot assume that the union would finance any fee award.

A party's ability *personally* to satisfy a fee award, especially that of a plaintiff of

---

2. Section 1132(g) provides that the court may award attorneys' fees to either party. There is no requirement that a party must "prevail" in order to receive an award pursuant to § 1132(g). But, as a practical matter, we recognize that a court is more likely to find appropriate an award to a prevailing party than an award to a non-prevailing party. Here, in light of the Company's dilatory tactics and other relevant factors, however, we would find no abuse of discretion in denying attorneys' fees even if defendant had prevailed on the merits.

limited means, has been held, in and of itself, to be an adequate basis for denying a defendant's motion for attorneys' fees. *Wooten v. New York Telephone Co.,* 485 F.Supp. 748, 762 (S.D.N.Y.1980) (Title VII action); *Doe v. Mundy,* 441 F.Supp. 447, 452 (E.D.Wis.1977) (42 U.S.C. § 1983 action). We agree that a plaintiff's ability to personally satisfy a fee award is an important factor. In this case, it would have been unjust had the district court ordered Marquardt to sacrifice even a part of his modest pension to the Company.

## C

The remaining factors to consider in determining whether the district court abused its discretion by refusing to award attorneys' fees and costs are: (3) whether an award of fees would deter other parties from acting under similar circumstances and (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. We consider these factors together because they are both more appropriate to a determination of whether to award fees to a plaintiff than a defendant.[3] Furthermore, we find that, in this case, these factors do not support an award of fees to the Company.

Regarding the third factor, deterrence, an award of fees would have little value in deterring other potential plaintiffs in the Marquardts' position. There were only two other employees at the Company's Fond du Lac plant. One is now deceased and the other had reached retirement age and had announced his retirement before the plant shutdown. Furthermore, even if we wished to use a fee award to deter ERISA plaintiffs from waiting until the day of trial to dismiss, this would not be the case to do so because of the Company's dilatory tactics.

The fourth factor is whether the party sought to benefit ERISA beneficiaries or sought to resolve a significant legal question. It is undisputed that the Company did not benefit ERISA plan beneficiaries in this action. The Company might argue, however, that it has attempted to resolve a significant legal question regarding ERISA —defendants' entitlements to awards of fees pursuant to § 1132(g)(1). But an award of attorneys' fees and costs for the litigation of only the § 1132(g)(1) issue would be wholly inappropriate since we have soundly rejected the Company's analysis of this issue. For the foregoing reasons, we find that the Company has fallen far short of establishing that the district court abused its discretion by refusing to award attorneys' fees and costs to the Company.

## III

Because of the compelling facts of this case, it is unnecessary for us to reach the question of when a district court's denial of attorneys' fees and costs to a prevailing defendant would constitute an abuse of discretion.[4] We emphasize, however, that refusal to award attorneys' fees and costs to ERISA defendants, even "prevailing" defendants, would rarely constitute an abuse of discretion.[5] Although the five factors

3. *See* part III of this opinion.

4. In *Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1355–56 (8th Cir. 1980), the Eighth Circuit construed § 1132(g) to require an award of attorneys' fees to a prevailing plaintiff, unless the defendant could demonstrate special circumstances that would render such an award unjust. But the court specifically limited its discussion to prevailing plaintiffs. The court explicitly declined to discuss whether a prevailing defendant may be awarded attorneys' fees absent a showing of plaintiff's bad faith. 625 F.2d at 1356 n.18. *But see Central States S. E. & S. W. Areas Pension Fund v.*

*Hitchings Trucking, Inc.,* 492 F.Supp. 906 (E.D. Mich.1980), discussed in note 5, *infra.*

5. In *Central States S. E. & S. W. Areas Pension Fund v. Hitchings Trucking, Inc.,* 492 F.Supp. 906, 909–10 (E.D.Mich.1980), the court rejected a multi-factor test similar to the one used here for the simpler "general rule" that fees should be awarded to prevailing parties unless the particulars of the case would render such an award unjust. The court consequently awarded attorneys' fees to plaintiff, a pension fund, for the issue at trial upon which it prevailed, the employer's liability for pension fund contributions. But, the court found plaintiff's position after trial regarding the amount of defend-

used as guidelines above do not explicitly differentiate between plaintiffs and defendants, consideration of these factors will seldom dictate an assessment of attorneys' fees against ERISA plaintiffs.[6]

First, the "culpability" of a losing plaintiff significantly differs from that of a losing defendant. A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found "culpable", but may be

only in error or unable to prove his case. This distinction also applies to the fifth factor—the relative merits of the parties' positions—since a plaintiff's culpability is determined by the lack of merit of his suit, while a defendant's culpability is determined by actions prior to suit.

Second, when an employee sues an employer, the employer often will be in a position to pay its own legal fees while the employee will be hard pressed to pay both his own and the employer's fees. This is especially true where, as here, a retired

---

ant's liability to be "totally without merit," 492 F.Supp. at 908, and, therefore, awarded attorneys' fees to the defendant employer for the latter phase of the litigation.

First, we note that because of the discretionary nature of § 1132(g), the opinion in *Hitchings Trucking* does not suggest that it would have been an abuse of discretion to *deny* the award of fees to defendant in that case or in this case, even if we adopted the "prevailing party" test. Second, to the extent that *Hitchings Trucking* holds that success on the merits entitles a defendant to attorneys' fees, we disagree. As discussed above, a reasonable exercise of discretion necessitates treating plaintiffs and defendants differently. Moreover, we do not find that the result in *Hitchings Trucking* conflicts with our holding here. The court in *Hitchings Trucking* did not rely solely on the defendant's success on the damages issue, but specifically found plaintiff's position to be totally meritless. In addition, plaintiff was a pension fund, not an individual employee, as here. It may well be that for an individual plaintiff, the court would have concluded that an award of fees to the "prevailing" defendant would have been unjust.

6. In *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court set the standards for awarding attorneys' fees to defendants in Title VII actions. The attorneys' fee award provision of Title VII allows attorneys' fees only to a prevailing party, and has been interpreted to *require* an award of attorneys' fees to prevailing *plaintiffs* in all but special circumstances. 434 U.S. at 417, 98 S.Ct. at 698. But, the Court found that different considerations govern an award of fees to defendants, and that, therefore, a district court may exercise its discretion to award attorneys' fees to a prevailing defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. at 421, 98 S.Ct. at 700.

The Court then stated its reasons for treating plaintiffs and defendants differently for purposes of awarding attorneys' fees:

No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 422, 98 S.Ct. at 700–01. The Court recognized that in civil rights actions, plaintiffs act as "private attorneys general" in vindicating national policy. Although this factor is not as strongly applicable in ERISA cases, the reasons for the policy discouraging assessing attorneys' fees against plaintiffs is applicable to ERISA cases. In both instances, the reason for awarding fees to defendants is to discourage frivolous suits, and in both instances it is important not to punish plaintiffs whose actions fail even though they seemed reasonable at the outset.

The Fifth Circuit, in *Iron Workers*, indicated that it would not apply the *Christianburg Garment* distinction between prevailing plaintiffs and defendants to claims for attorneys' fees under ERISA. 624 F.2d at 1266 n.24. But, we do not find that our analysis of attorneys' fees under ERISA differs significantly from the Fifth Circuit's. The Fifth Circuit in *Iron Workers* adopted the five-factor test for deciding the appropriateness of awarding attorneys' fees pursuant to § 1132(g). We merely express the view that, using the five-factor test, prevailing plaintiffs are more likely to be awarded attorneys' fees than prevailing defendants. We recognize, as did the Fifth Circuit, that § 1132(g) differs from civil rights attorneys' fees provisions. But we believe that, although civil rights and ERISA plaintiffs may differ, some of the same factors militate against assessing attorneys' fees against plaintiffs in both types of cases.

employee sues his former employer for a higher pension. Thus, the "ability to pay" factor will rarely weigh in favor of an award of attorneys' fees to a defendant.

Similarly, the third factor, deterrence, generally will not justify an award of attorneys' fees to defendants. Although an assessment of attorneys' fees against a plaintiff certainly would be a strong deterrent against bringing a frivolous action, it generally is sufficient that plaintiff bears his own attorneys' fees and costs to deter institution of a frivolous or baseless suit. Deterrence is achieved against employers, on the other hand, because they will have added incentive to comply with ERISA, rather than facing suits for compliance, if they know that they may have to pay plaintiffs' attorneys' fees, in addition to the costs of compliance and their own legal fees.

Finally, the benefit of the suit to all participants in an ERISA plan or the resolution of a significant legal question under ERISA is also primarily relevant only to whether plaintiffs should be awarded attorneys' fees. Plaintiffs will have added incentive to bring suits that benefit all plan beneficiaries and to enforce the policies behind ERISA if their attorneys' fees will be paid by defendants. Of course, sometimes a defendant may establish an interpretation of ERISA that clarifies the law or benefits ERISA plan beneficiaries, if not the plaintiff. But, in general, the fourth factor is significant in determining the benefits conferred in a suit brought by ERISA plaintiffs, rather than the benefits of dismissing a meritless ERISA suit.

In summary, we find that although § 1132(g)(1) does not explicitly differentiate between plaintiffs and defendants, a court will seldom abuse its discretion by refusing to award attorneys' fees and costs to a defendant.[7]

For the foregoing reasons, the order of the district court denying attorneys' fees and costs to the Company is

AFFIRMED.

---

7. We emphasize that we do not decide here under what circumstances a district court would abuse its discretion by awarding or refusing to award fees to plaintiffs. We also do not decide under what specific circumstances fees may be properly awarded to defendants. We only decide that it was proper to decline to award fees here and that weighing of the relevant factors seldom will justify assessment of attorney's fees and costs against plaintiffs.