E. Jefferson MOYERS, Robert P. Le Voy, Joseph Kapcheck, Jr. and Frank P. Bauer, as Trustees of Marble Setters' Helpers and Polishers Local 102 Welfare Fund, Plaintiffs,

v.

FRANK P. BAUER MARBLE CO., an Illinois corporation, and Frank P. Bauer, individually, Defendants.

No. 82 C 1582.

United States District Court, N.D. Illinois, E.D.

Feb. 11, 1983.

Karl W. Grabemann, McDermott, Will & Emery, Chicago, Ill., for plaintiffs.

Clayton McDonald, Des Plaines, Ill., for defendants.

1. 29 U.S.C. § 1132(e) provides that:

 (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs in this case, trustees of Marble Setters' Helpers and Polishers Local 102 Welfare Fund (the "Trustees") sued Frank P. Bauer Marble Co. and Frank P. Bauer individually, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.,* alleging that defendants failed to make monthly health and welfare contributions to the Welfare Fund as required by a collective bargaining agreement and a multi-employer plan. Jurisdiction is asserted pursuant to 29 U.S.C. § 1132(e)(1).[1] Presently pending is the Trustees' motion for summary judgment. For reasons set forth below, the Trustees' motion is granted in part and denied in part.

 In deciding motions for summary judgment, it must be emphasized that the party moving for summary judgment has the burden of clearly establishing that no genuine issues of material fact exist, and that he or she is entitled to judgment as a matter of law. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979). Doubts as to the existence of material issues of fact must be resolved against the moving party. *Moutoux v. Gulling Auto Electric, Inc.,* 295 F.2d 573, 576 (7th Cir.1961). With this in mind, we turn to an examination of the instant controversy.

In their answer to the Trustees' complaint, defendants admit that Frank P. Bauer Marble has been subject to collective bargaining agreements which require it to make monthly health and welfare contributions to the Welfare Fund when its employ-

 (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

ees work pursuant to the terms of the collective bargaining agreement. Defendants also admit that Bauer Marble has been subject to a Welfare Fund Trust Agreement and Welfare Plan, which require employers to make continuing and prompt monthly payments to the Welfare Fund on behalf of each employee. The Trustees allege that beginning around January, 1980, Bauer Marble failed to make contributions to the Welfare Fund.

■ According to an audit of July 8, 1982, Bauer Marble was shown to be indebted to the Welfare Fund in the amount of $9,050.83 through June 30, 1982. Pursuant to the collective bargaining agreement, contributions to the Welfare Fund received after the due date are assessed liquidated damages,[2] which in the instant case amount to $7,064.81. In response to the Trustees' motion for summary judgment, the affidavit of Frank P. Bauer declared that

> The audit reports are substantially correct, however, the amounts due to the plaintiff are solely the obligation of the defendant, FRANK P. BAUER CO., an Illinois corporation and not·of FRANK P. BAUER individually.

> Section 515 of ERISA provides that

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. While Bauer Marble denied that there were no genuine issues of material fact in the instant case entitling plaintiffs to summary judgment, Frank P.

Bauer's affidavit conceded the correctness of the audit reports provided by plaintiffs; defendants offered no other evidence to oppose plaintiffs' motion. It is thus apparent that there are no material issues of fact concerning Bauer Marble's liability to plaintiffs. As a result, summary judgment against Bauer Marble is appropriate. *Allen v. Civitello,* 529 F.Supp. 46, 48 (N.D.Ill. 1981); *Huge v. Reid,* 468 F.Supp. 1024, 1027–28 (N.D.Ala.1979), *aff'd,* 615 F.2d 916 (5th Cir.1980).

■ Summary judgment as to Count II, in which plaintiffs sued Frank P. Bauer individually, raises other issues. Plaintiffs assert that Bauer was the alter ego of Bauer Marble, and that this Court should ignore the corporate entity of Bauer Marble and hold Bauer individually liable for failing to make proper contributions to the Welfare Fund. However, in support of their motion for summary judgment, plaintiffs offered no support for the allegations concerning Bauer in their complaint. Defendants, in response, declare that plaintiffs' motion for summary judgment fails to "set forth any. facts or evidence relating to the possible liability to the Plaintiffs, and he therefore moves that he be dismissed as a party defendant in this matter." Plaintiffs have clearly failed to meet their burden of establishing that no genuine issues of material fact exist concerning this issue, thus rendering summary judgment inappropriate as to Frank P. Bauer.

Therefore, plaintiffs' motion for summary judgment against Bauer Marble in the amount of $16,115.64 is granted; summary judgment against Frank P. Bauer is denied. On or before February 18, 1983, the Trustees are directed to submit to this Court an affidavit and judgment order detailing the

---

**2.** A letter from Thomas E. McNulty and Associates, which is the principal place of business for the Welfare Fund, to defendants stated that:

> This is to serve notice that beginning February 10, 1981, in accordance with paragraph two of the Joint Wage Agreement between Marble Setters' Helpers and Polishers Local 102 and the Chicago Marble Dealers Association, the trustees of Marble Setters' Helpers

and Polishers Local 102 hereby give notice that:

> *10% liquidated damages will be charged on all contributions received after the due date, (to be computed from the first of the month contributions are due), plus 10% liquidated damages for each and every full month (prorated for partial months) from and after the due date to the date of payment.*

appropriate amount of interest on this judgment as provided in the Act, and the reasonable attorneys' fees and costs attributable to this lawsuit.[3] The Trustees on this date shall also file a statement with the Court indicating whether they will be pursuing the claim against Frank B. Bauer as set forth in Count II. On or before February 23, 1983, the defendants may file any response they deem appropriate to the aforementioned submissions by the Trustees. The status hearing in this case is hereby reset for February 25, 1983, at 10:00 a.m. It is so ordered.[4]

---

3. 29 U.S.C. § 1132(g)(2) states that—
(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of—
(i) interest on the unpaid contributions, or
(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A).
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.
For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.
Unlike § 1132(g)(1), which leaves the award of attorney's fees to the discretion of the courts, *Marquardt v. North American Car Corp.*, 652 F.2d 715 (7th Cir.1981), § 1132(g)(2) does not appear to vest the courts with discretion and does not involve a consideration of defendants'

good faith. *Chicago District Council of Carpenters Pension Fund v. Skrede,* 542 F.Supp. 634, 638 (N.D.Ill.1982).

4. Plaintiffs also sought permanent injunctions against Bauer Marble and Frank P. Bauer enjoining them from violating the collective bargaining agreements, Welfare Trust Agreement and Welfare Plan. As the Seventh Circuit recently observed,

In determining whether to issue a permanent injunction the likelihood of future violations must be viewed in light of past conduct. We are also mindful that injunctive relief is not appropriate to prevent the possible occurrence of an event at some indefinite future time.

*Janowski v. International Brotherhood of Teamsters Local No. 710 Pension Fund,* 673 F.2d 931, 940 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982) (citations omitted). Neither party in the instant case has addressed the issue of whether permanent injunctive relief is appropriate. While Bauer Marble has indeed failed to contribute to the Fund in the past, we do not believe that the drastic remedy of a permanent injunction is appropriate, and we decline to grant the Trustees such an injunction. It is so ordered.