**UNITED INDEPENDENT FLIGHT OFFICERS, INC.; William Jay Plank; L. Frank Murphey; Thomas C. Cook; N. Wayne Hughes; Jack W. Parshall; H. Harvey Hunter; Harry J. Langosh; George Norwook; Robert M. Schisler; and LeRoy A. Shaver, Plaintiffs,**

v.

**UNITED AIRLINES, INC., and Air Line Pilots Association, International, Defendants.**

**No. 82 C 3066.**

United States District Court, N.D. Illinois, E.D.

May 2, 1984.

---

Raymond C. Fay, Haley, Bader & Potts, Chicago, Ill., for plaintiffs.

Robert H. Brown, Michael B. Erp, Katz, Friedman, Schur & Eagle, Edward L.

Foote, Duane M. Kelley, Deborah G. Haude, Columbus Gangemi, Winston & Strawn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs United Independent Flight Officers, Inc. ("UIFO") sued defendants United Air Lines, Inc. ("United Air Lines") and Air Line Pilots Association, International ("ALPA") for alleged violations of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*

On October 6, 1983, this Court granted defendants' motions for summary judgment, 572 F.Supp. 1494. Presently pending before the Court in ALPA's petition for attorneys' fees and costs for its defense of Counts I and II of plaintiffs' complaint, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1). ALPA also seeks fees for its defense of Count IV, which alleged violations of the duty of fair representation under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*[1] ALPA claims that UIFO instituted the present action in bad faith. For reasons set forth below, ALPA's petition is denied.

### I.

Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1) provides that "[i]n any action under this subchapter ... the court in its discretion may allow a reasonable attorneys' fees and costs of action to either party." It is clear that a fee award to the prevailing party in an ERISA is not mandatory, but is discretionary. *Janowski v. International Brotherhood of Teamsters Local No. 710 Pension Fund,* 673 F.2d 931, 941 (7th Cir.1982); *Moyers v. Frank P.*

*Bauer Marble Co.,* 556 F.Supp. 192, 195 (N.D.Ill.1983).

In determining whether to award attorneys' fees under ERISA, the courts may consider the following factors: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether an award of attorneys' fees against the offending parties would deter other persons from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, at 828 (7th Cir.1984); *Leigh v. Engle,* 727 F.2d 113, at 139 n. 39 (7th Cir.1984); *Marquardt v. North American Car Corp.,* 652 F.2d 715, 717 (7th Cir.1981); *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 452 (9th Cir.1980). We note, however, as the court did in *Marquardt,* that an award of attorneys' fees against an ERISA plaintiff will rarely be justified, *Marquardt,* 652 F.2d at 720.

The above factors, moreover, are oriented to cases in which a plaintiff has prevailed and seeks attorneys' fees against a defendant. In the present case, a defendant seeks fees against a plaintiff. In such cases, according to the Seventh Circuit, there is a modest presumption in favor of awarding defendants attorneys' fees unless the plaintiffs' position was "substantially justified"—in other words, was less than meritorious, but had a solid basis. *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, at 830 (7th Cir.1984).

UIFO's lawsuit, while not in our view meritorious, was clearly substantially justified. UIFO capably raised a series of

---

1. ALPA's motion for fees complied with Rule 46 of the General Rules of the United States District Court for the Northern District of Illinois, which provides that:

   [a] petition for attorney's fees in a civil proceeding shall be filed within ninety days of the entry of final judgment, provided that the court upon written motion and for good cause shown may extend the time. A petition for fees shall be denied if it is not filed within the period established by this rule.

complex legal issues in an area of law noted for a dearth of legal precedent. Accordingly, ALPA's petition for attorneys' fees under ERISA is denied.

## II.

ALPA also asserts that it is entitled to attorneys' fees with respect to Count IV of plaintiffs' complaint, which alleges violation of ALPA's duty of fair representation under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* Nowhere in 45 U.S.C. § 151 *et seq.* is a prevailing party, plaintiff or defendant, specifically authorized an award of attorneys' fees. ALPA claims that UIFO pursued the instant action in bad faith.

■ In the United States, the prevailing party is ordinarily not entitled to attorneys' fees from the losing party. Rather, in conformity with the "American Rule," and absent specific statutory or other express authorization, each litigant must bear the expense of his own attorney. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *Bailey v. Meister Brau, Inc.,* 535 F.2d 982, 994 (7th Cir.1976); *Venus v. Goodman,* 556 F.Supp. 514, 520 (N.D.Ill.1983).

■ A recognized exception, however, allows a court to assess attorneys' fees against a losing party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons..." *Alyeska Pipeline,* 421 U.S. at 258–259, 95 S.Ct. at 1622–1623, citing *F.D. Rich, Inc. v. United States ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1975).

■ The bad faith exception for the award of attorneys' fees is not restricted to cases where the action is filed in bad faith. " '[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973).

■ It is evident that UIFO's claim of unfair representation under the Railway Labor Act arose out of the same series of facts in its ERISA claim. We earlier determined that UIFO was substantially justified in pursuing its ERISA claim. UIFO did not act in bad faith in pursuing its claim under the Railway Labor Act. UIFO did not act vexatiously, wantonly, or for oppressive reasons in bringing suit. Nor did it conduct this litigation in such a manner.

Accordingly, ALPA's motion for attorneys' fees under the Railway Labor Act is also denied. It is so ordered.