The **CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, AND DEFERRED SAVINGS PLAN TRUST FUNDS,** Plaintiffs-Appellees,

v.

**KARR BROTHERS, INC.,** an Illinois Corporation, Defendant-Appellant.

No. 84–1186.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 15, 1984.

Decided Feb. 25, 1985.

Rehearing and Rehearing En Banc Denied April 10, 1985.

---

Lowell H. Jacobson, Jacobson, Brandvik & Anderson, Chicago, Ill., for plaintiffs-appellees.

John J. Toomey, Arnold & Kadjan, Chicago, Ill., for defendant-appellant.

Before FLAUM, Circuit Judge, PELL, Senior Circuit Judge, and EVANS, District Judge.*

PELL, Senior Circuit Judge.

This case raises the question whether the district court properly determined that defendant-appellant, Karr Brothers, Inc., violated its collective bargaining agreements by engaging independent contractors to do painting work that, under the agreements, was to be done by "employees in the Bar-

---

* Terence T. Evans, District Judge for the Eastern District of Wisconsin, is sitting by designation.

gaining Unit covered by [the] Agreement[s]." Plaintiffs-appellees, the Chicago Painters and Decorators Pension, Health and Welfare and Deferred Savings Plan Trust Funds, sued defendant-appellant under both section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1976), and section 502 of the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. § 1132 (1976), claiming that defendant breached the relevant collective bargaining agreements and that defendant failed to make certain required contributions to the trust funds. After a bench trial, the district court entered judgment in favor of defendant on the ERISA claim. On the breach of contract claim, however, the district court held in favor of plaintiffs. Defendant appeals from the entry of judgment against it on the breach of contract claim.

## I. THE FACTS

From August 1976 until February 1982, defendant was a member of the Chicago Council of the Painting and Decorating Contractors' Association. During this period, the Association negotiated three consecutive collective bargaining agreements with the union, Painters District Council No. 14, on behalf of the Association's members. These agreements obligated defendant to pay into the trust funds a specified amount of money for each hour worked by employees covered under the collective bargaining agreements.

The collective bargaining agreements contained two other provisions that bear on this case. First, the "scope of work" clause, Article III, Section 6, provided that painting work "shall be done by employees in the Bargaining Unit covered by this Agreement." Second, the "subcontracting out" clause, Article XI, Section 1, provided: "Employer agrees that he will not sublet any work to any Employee."

■ From January 1, 1978, through May 1, 1981, defendant contracted with various non-union individuals and entities to do bargaining unit work and failed to contribute to the trust funds on their behalf. On September 8, 1981, plaintiffs filed a two-count complaint against defendant. As interpreted by the district court, count I alleged that defendant violated section 502 of ERISA, 29 U.S.C. § 1132 (1976), because defendant failed to contribute to the trust funds on behalf of the various individuals and entities previously mentioned. Count II, according to the district court, claimed that both defendant Karr Brothers, Inc., and Norman Karr, individually, as the alter ego of defendant, violated section 301 of the LMRA, 29 U.S.C. § 185 (1976), by contracting with independent contractors to do bargaining unit work in contravention of the collective bargaining agreements.[1]

After a bench trial, the district court entered judgment in favor of defendant on count I. The court reasoned that the trust agreements only obligated defendant to make contributions on behalf of employees, and because these painters were independent contractors, defendant was not required to contribute to the trust funds on their behalf. The district court found that defendant "exercised little or no control over the manner in which [these] painters worked" and found that these painters were actually independent contractors, which finding is not challenged on appeal. On count II, however, defendant's quaintise was less successful, and the court entered judgment in favor of plaintiffs in the

---

1. This court notes that the complaint in this case was poorly drafted. Because of the confusing nature of the complaint, it is difficult to identify which paragraphs of the complaint comprise the ERISA claim and which paragraphs comprise the breach of contract claim. The complaint, at least, alleges that jurisdiction is based both on section 301 of the LMRA, 29 U.S.C. § 185 (1976), and on section 502 of ERISA, 29 U.S.C. § 1132 (1976). Under the liberal pleading rules, a complaint must only give notice to the opposing party of the substance of the allegations. *Uptown People's Community Health Services Board of Directors v. Board of Commissioners,* 647 F.2d 727, 739 (7th Cir.1981), *cert. denied,* 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 167. Moreover, because the section 301 and ERISA claims were identified and litigated at trial, this court does not doubt that defendant had sufficient notice of the plaintiffs' claims. Accordingly, this court will not disturb the district court's construction of the complaint.

amount of $6,820.28, the amount that defendant would have had to contribute to the trust funds if it had complied with the collective bargaining agreements by employing covered employees to do bargaining unit work. In short, the court determined that this action constituted a breach of the contract. With respect to plaintiff's claim against Norman Karr, individually, the district court entered judgment against plaintiffs, finding that "plaintiffs introduced no evidence on this point." The court held that each party should bear its own attorney's fees and costs.

## II. BREACH OF CONTRACT CLAIM

In essence, the only issue presented on appeal is whether the district court properly determined that defendant breached the collective bargaining agreements by engaging independent contractors. Defendant challenges this judgment on a number of grounds.[2] Of these arguments, only four merit discussion. First, defendant claims that the district court erred in deciding that defendant breached the collective bargaining agreements by engaging independent contractors to do bargaining unit work. Second, defendant alleges that, even if it did breach the collective bargaining agreements, the district court should not have awarded relief in the form of contributions to the trust funds. Third, defendant argues that the district court erroneously applied state law instead of federal law to interpret the collective bargaining agreements. Finally, defendant claims that the district court should not have denied it attorney's fees and costs. This court will address each of defendant's contentions in turn.

Initially, defendant claims that the district court erred by concluding that defendant breached its collective bargaining agreements by having independent contractors do bargaining unit work. Defendant admits that the scope of work provision, which entrusted painting work to employees covered by the collective bargaining agreements, prohibited defendant from engaging non-union employees to do bargaining unit work. Defendant argues, however, that this provision did not preclude defendant from contracting with independent contractors to do bargaining unit work.

In support of its contention that the scope of work clause did not prohibit defendant from contracting out bargaining unit work to independent contractors, defendant relies on the definition of "employee" in the National Labor Relations Act (NLRA). Under the NLRA, Congress defines "employee" expressly to exclude "independent contractors." 29 U.S.C. § 152(3) (1976). Because the scope of work provision spoke only of "employees," defendant argues, the clause did not reach independent contractors. Thus, defendant posits, the scope of work clause did not prohibit defendant from engaging independent contractors to do bargaining unit work.

This court finds, however, that the definition of "employee" under the NLRA supports the district court's construction of the scope of work clause. The scope of work provision stated that bargaining unit work should be performed by employees in the bargaining unit covered by the collective bargaining agreement. Under the NLRA, an independent contractor cannot be an employee. Because the scope of work

---

**2.** Defendant attempts to raise a myriad of defenses and to rely on a number of exhibits that are either irrelevant to the issues on appeal or were waived by defendant's failure to raise or admit them at trial. As the district court stated in footnote 1 of its opinion:

The defendant filed after trial a motion to add exhibits and a voluminous brief which asserted several defenses that were not raised at trial. The failure to assert the defenses until after trial was a waiver of them. *See* Fed.R. Civ.P. 8(c). All of the exhibits save one were

available to the defendant at trial. Since it had the opportunity to introduce those exhibits, the court denies the motion with respect to defendant's proposed exhibits 3–5. Proposed exhibit 2 is the newest collective bargaining agreement and is not in issue in this case. The court accordingly denies the motion with respect to exhibit 2 as well.

This court agrees with the district court's refusal to permit defendant to raise these defenses and add these exhibits after trial. Accordingly, this court will not address these issues on appeal.

clause required that bargaining unit work be done only by employees, it implicitly prevented the assignment of bargaining unit work to non-employees, whether they be independent contractors or non-union employees. In short, this court agrees with the district court that, contrary to defendant's position, "[b]y its own terms, the scope of work clause preserve[d] the painters' domain from encroachment by anyone, including both other, non-painter, employees and subcontractors." *See Waggoner v. Northwest Excavating, Inc.*, 642 F.2d 333, 338 (9th Cir.1981), *vacated*, 455 U.S. 931, 102 S.Ct. 1417, 71 L.Ed.2d 640 (1982), *aff'd on remand*, 685 F.2d 1224, *cert. denied*, 459 U.S. 1109, 103 S.Ct. 737, 74 L.Ed.2d 959 (1983). *See also UAW, Local 391 v. Webster Electric Co.*, 299 F.2d 195, 197 (7th Cir.1962) (collective bargaining agreement that covers all employees and that contains a union shop clause, thereby, prevents employer from employing independent contractors).

Defendant contends that the clause in the collective bargaining agreements that prohibited defendant from subletting work to any employee authorized defendant to hire independent contractors to do bargaining unit work. Again, defendant relies on the distinction between employees and independent contractors contained in the NLRA to support its argument. According to defendant, Article XI, Section 1, should have been interpreted in conjunction with the NLRA to read: "Employer agrees that he will not sublet any work to any employee but this shall not include any individual having the status of an independent contractor." The district court rejected defendant's interpretation and reasoned that this subcontracting out clause was included:

> to prevent circumvention of the scope of work clause and the employer's contribution obligations. By subcontracting to an employee, the employer could assert compliance with the scope of work clause because the "subcontractor" doing the work also happens to be an employee. The employer could simultaneously deny any obligation to contribute to the trust

funds for the hours worked on that job because of the employee's purported independent contractor status.

This court agrees with the district court that the prohibition against subletting work to any employee did not conflict with the scope of work provision, which committed bargaining unit work to covered employees only.

### III. THE DAMAGE AWARD

▇▇▇▇ Next, defendant argues that, even if the district court correctly found a section 301 violation, it erroneously awarded relief in the form of contributions to the trust funds. The district court ordered defendant to pay plaintiffs $6,820.28, the amount that "Karr Bros. would have had to contribute to the funds if it had used employees rather than independent contractors." This measurement of damages, defendant contends, violates section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) (1976), which permits contributions to trust funds only "for the sole and exclusive benefit of the employees of the employer, and their families . . . ." According to defendant, because the district court found that defendant engaged independent contractors, and not employees, the court's requirement that defendant contribute to the trust funds based on the number of hours worked by these independent contractors violates section 302.

In *Walsh v. Schlecht*, 429 U.S. 401, 97 S.Ct. 679, 50 L.Ed.2d 641 (1977), the Supreme Court held that a clause in a collective bargaining agreement that required an employer who employed subcontractors to "be liable for payment of these employees . . . [trust fund] contributions in accordance with this Agreement" does not violate section 302. *Id.* at 405, 410, 97 S.Ct. at 683, 686. The Court reasoned that, although an employer would violate section 302 by permitting subcontractors to participate in the trust fund benefits, the employer would not violate section 302 by making contributions to the trust funds measured by the hours worked by these subcontractors, so long as only employees participated in these bene-

fits. *Id.* at 410, 97 S.Ct. at 686. Defendant argues that *Walsh* is inapposite to this case because the collective bargaining agreements at issue here did not contain subcontracting clauses similar to the one before the court in *Walsh.* This court rejects defendant's argument and finds that the reasoning of *Walsh* governs this case. According to *Walsh,* section 302 is not violated by trust fund contributions based on the number of hours worked by subcontractors. *Id.* The question whether trust fund contributions comply with section 302, this court finds, does not turn on the presence or absence of a clause expressly authorizing such contributions. After all, in this case, a provision that required contributions measured by the hours worked by subcontractors would have been superfluous because the scope of work clause prohibited subcontracting in the first place.

In this case, the district court correctly required defendant to pay plaintiffs the amount that defendant would have been required to contribute to the trust funds if it had complied with the collective bargaining agreements and hired employees to do bargaining unit work. This remedy comports with the principle that breach of contract damages should place the aggrieved party in the place he would have been in had the breach not occurred. This court, accordingly, holds that the district court's award grants appropriate relief for the section 301 violation and does not violate section 302 of the LMRA. *See Burke v. French Equipment Rental, Inc.,* 687 F.2d 307, 311–12 (9th Cir.1982); *Seymour v. Hull & Moreland Engineering,* 605 F.2d 1105, 1114 (9th Cir.1979); *Carpenters and Millwrights Health Benefit Trust Fund v. Gardineer Dry Walling Co.,* 573 F.2d 1172, 1176–77 (10th Cir.1978).

## IV. APPLICATION OF FEDERAL LAW

Defendant argues that the district court erred by applying state law and not federal law to interpret the collective bargaining agreements. In his opinion, Judge Decker relied on two Illinois cases

for the proposition that a court should look to the specific language of an agreement to determine the parties' intentions at the time when they executed that agreement.

As defendant correctly points out, the Supreme Court has declared that federal law governs the interpretation of collective bargaining agreements in section 301 suits. *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 456–57, 77 S.Ct. 912, 917–18, 1 L.Ed.2d 972 (1957). *See Complete Auto Transit, Inc. v. Reis,* 451 U.S. 401, 405, 101 S.Ct. 1836, 1839, 68 L.Ed.2d 248 (1981); *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *Mohr v. Metro East Manufacturing Co.,* 711 F.2d 69, 71 (7th Cir.1983). The Supreme Court has also made clear, however, that a court may resort to state law in section 301 cases if the state law principles are compatible with federal labor law policies. *Textile Workers Union,* 353 U.S. at 456–57, 77 S.Ct. at 917–18. *See Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers v. Lucas Flour Co.,* 369 U.S. 95, 101–04, 82 S.Ct. 571, 575–77, 7 L.Ed.2d 593 (1962); *Pari Mutuel Clerks Union, Local 328 v. Fair Grounds Corp.,* 703 F.2d 913, 919 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 150, 78 L.Ed.2d 140; *Seymour v. Hull & Moreland Engineering,* 605 F.2d 1105, 1109 (9th Cir.1979).

The district court's application of state law in this case did not conflict with federal law. Specifically, the district court did not rely on Illinois law for any proposition peculiar to Illinois. Instead, the court relied on Illinois law for the general principle of contract construction that the parties' intention may be ascertained from the language of their agreement. *Burkart Randall v. Lodge No. 1076, International Association of Machinists,* 648 F.2d 462, 466 (7th Cir.1981). In fact, the Sixth Circuit expressly sanctioned reliance on state law as authority for this proposition in section 301 suits. *UAW v. Yard-Man Inc.,* 716 F.2d 1476, 1479 (6th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984). As the Sixth Circuit stated in *Yard-Man,* "the court should first look to

the explicit language of the collective bargaining agreement for clear manifestations of intent." *Id.* Thus, this court finds that the district court did not err in this case by relying on state law as authority for a general principle of contract construction that is compatible with federal law.

## V. ATTORNEY'S FEES AND COSTS

 Defendant's final argument concerns the issue of attorney's fees and costs. The district court denied attorney's fees to both sides and ordered that each party bear its own costs. Defendant contends that it is entitled to attorney's fees and costs under section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1) (Supp. IV 1980), because it prevailed against the trust funds on count I, the ERISA claim. Under this section, a court in its discretion may award attorney's fees and costs to a defendant in a suit brought by a trust fund for delinquent contributions.

Plaintiffs defend the district court's refusal to grant attorney's fees to defendant on the ground that "the case was decided under section 301 which provides no statutory provision for the award to either party." Plaintiffs misconstrue the district court's holding in this case. Although the court found in favor of plaintiffs on the section 301 claim, the court also found against them on the ERISA claim. For this reason, this court must review the district court's denial of fees and costs to defendant under section 502(g)(1) of ERISA and the case law interpreting that section.

Section 502(g)(1) of ERISA commits to the discretion of the district court the decision whether to award attorney's fees to a defendant in an action for delinquent contributions. 29 U.S.C. § 1132(g)(1) (Supp. IV 1980). This court can only reverse a district court's decision not to award attorney's fees if the district court's denial constituted an abuse of discretion. *Marquardt v. North American Car Corp.*, 652 F.2d 715, 717 (7th Cir.1981).

In deciding whether to award fees to either side in an action for delinquent contributions under ERISA,[3] a court should consider five factors in particular. *Id.* First, a court must review "the degree of the opposing parties' culpability or bad faith." *Id.* (quoting *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980)). Next, a court must assess "the relative merits of the parties' positions." *Id.* (quoting *Hummell*, 634 F.2d at 452). Both of these factors weigh heavily in favor of plaintiffs in this case. Certainly, the trust funds did not bring this suit in bad faith. After all, the district court determined that plaintiffs presented a meritorious related section 301 claim. This court has also noted that the question of the culpability or bad faith of the opposing party has greater significance where the plaintiff, and not the defendant, desires attorney's fees. *Id.* at 720. As this court stated in *Marquardt:*

> A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found 'culpable', but may be only in error or unable to prove his case.

*Id.* Here, defendant did violate a Congressional mandate by breaching the collective bargaining agreement in violation of section 301 of the LMRA. Plaintiffs, on the other hand, have not manifested any bad faith by trying to remedy the wrong that defendant committed by breaching the collective bargaining agreements and by failing to contribute to the trust funds as it should have had it not breached the agreements.

In deciding whether to award attorney's fees and costs to a defendant under ERISA, a court may consider the third and fourth factors together. These factors are "whether an award of fees against the opposing parties would deter others from acting under similar circumstances" and

---

**3.** The 1980 amendments to ERISA provide for mandatory attorney's fees to a prevailing trust fund in an action for delinquent contributions under section 515 of ERISA. 29 U.S.C. § 1132(g)(2) (Supp. IV 1980).

"whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." *Id.* at 717 (quoting *Hummell,* 634 F.2d at 452). This court finds that these factors likewise favor plaintiffs. In cases such as this, in which a trust fund presents a successful related claim, a court should not deter similarly situated plaintiffs from bringing suits by awarding attorney's fees and costs to the defendant. With respect to the fourth factor, this court finds that the decision in favor of defendant on the ERISA claim does not represent an adjudication of a "significant legal question regarding ERISA." As this court recognized, these two factors, like the first two factors, are more relevant to the question whether attorney's fees should be awarded to ERISA plaintiffs rather than to ERISA defendants. *Id.* at 721.

The final factor to be considered, "the ability of the opposing parties to satisfy an award of fees," *id.* at 717 (quoting *Hummell,* 634 F.2d at 452), also supports the district court's decision to deny attorney's fees and costs to defendant. Just as an award of attorney's fees against a fund beneficiary of limited means may be unjust, *id.* at 719, an award against the trust fund might be unjust. In particular, because the fees would be paid out of the trust fund assets, individual beneficiaries would suffer a reduction in their benefits. *See Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 829 (7th Cir.1984).

Recognizing that the five factors discussed above relate more appropriately to the question whether attorney's fees should be awarded to a plaintiff rather than to a defendant, this court has suggested another standard to be applied to cases dealing with an award of fees to a defendant. *Bittner,* 728 F.2d at 828-30. In *Bittner,* this court adopted the test set forth under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1980), and stated that a court should award "attorney's fees to the winning party ... unless the loser's position, while rejected by the court, had a solid basis—more than merely not frivolous, but less than meritorious." *Id.* at 830. In this case plaintiffs' ERISA suit was far from frivolous. If the district court had determined that defendant's painters were employees rather than independent contractors, defendant would have been obligated to contribute to the trust funds on their behalf. The issue whether the painters were employees or independent contractors presented a close factual question. Moreover, plaintiffs successfully demonstrated that defendant violated the collective bargaining agreements by hiring independent contractors. Plaintiffs' success on the related section 301 claim precludes this court from finding that the district court's denial of attorney's fees and costs to defendant constituted an abuse of discretion. As this court has recognized, "[a] refusal to award attorneys' fees and costs to ERISA defendants, even 'prevailing' defendants, ... rarely constitute[s] an abuse of discretion." *Marquardt,* 652 F.2d at 719 (footnote omitted); *Leigh v. Engle,* 727 F.2d 113, 139 n. 39 (7th Cir.1984).

## VI. CONCLUSION

For the foregoing reasons, this court AFFIRMS the judgment of the district court.