892 F.2d 85
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce YOUNGBERG, on Behalf of the Scientific Atlanta, Inc.
Long Term Disability Plan, Plaintiff-Appellant,
v.
GREAT WEST LIFE ASSURANCE COMPANY, a/k/a Life-Assurance
Company, a Canandian Corporation, Defendant-Appellee.
 No. 88-6557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1989.
Decided Dec. 19, 1989.
 
 Before SKOPIL, FLETCHER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bruce Youngberg appeals the district court's grant of summary judgment to Great West Assurance Company ("Great West"). Youngberg also appeals the district court's denial of partial summary judgment in his favor. The district court granted summary judgment to Great West on the grounds that Youngberg lacked standing to pursue his claim. We affirm.
 
 FACTS
 
 3
 Bruce Youngberg was an employee at Scientific Atlanta, Inc. Scientific Atlanta had an employee benefits plan that provided for long term disability benefits. The benefits plan was administered pursuant to an insurance contract between Scientific Atlanta and Great West Assurance Company. Under the contract, Scientific Atlanta would periodically deposit funds into the plan and Great West would place those funds into Great West's general investment account. The contract provided that Great West would annually pay interest on the deposited funds. Great West also administered any claims for disability benefits that were submitted by Scientific Atlanta's employees.
 
 
 4
 In 1983, Youngberg filed a claim for disability benefits. That claim was ultimately denied by Great West in January 1985. Youngberg then sued Great West claiming that Great West had improperly denied his claim. In June 1987, Youngberg initiated this suit claiming that Great West had violated its fiduciary duties in handling the plan's assets.
 
 DISCUSSION
 
 5
 ERISA provides that any beneficiary or participant of a plan covered by ERISA may bring a civil action to recover benefits due to him or her under the plan. 29 U.S.C.A. § 1132(1)(B) (West 1985). ERISA defines a "beneficiary" as any person who is, or may become, entitled to plan benefits. 29 U.S.C.A. § 1002(8) (West 1985). Finally, ERISA defines a "participant" as any current or former employee who is, or may become, eligible for benefits under the ERISA plan. 29 U.S.C.A. § 1002(7) (West 1985). We have previously stated that a former employee "may become eligible for benefits" if that employee can show that he has a reasonable expectation of returning to covered employment or a colorable claim to vested benefits. Kuntz v. Reese, 785 F.2d 1410, 1411 (9th Cir.1986), cert. denied, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). In this case, Youngberg asserts that he has standing to sue as a participant of a plan because he is a former employee who may become eligible for benefits under Scientific Atlanta's long term disability plan. Youngberg asserts that he "may become eligible" for benefits because he might win his suit for long term disability benefits.
 
 
 6
 Youngberg's argument is no longer valid as we have held that the district court correctly granted summary judgment in favor of Great West in Youngberg's related disability case. Therefore, there is no longer any possibility that Youngberg may become eligible for further disability benefits. Youngberg no longer qualifies as a "participant" under ERISA and cannot maintain this suit against Great West.
 
 
 7
 Youngberg suggests that standing should only be measured at the time that a suit is filed. Under such a rule, Youngberg would retain standing to sue Great West regardless of whether Youngberg is actually entitled to any disability benefits. That result squarely conflicts with a basic tenet of standing doctrine: a plaintiff must show that he has a personal stake in the outcome of the case. Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Youngberg lost his personal stake in this litigation once he no longer had a claim to further disability benefits. A plaintiff may lose his personal stake in the case at any point during the course of the litigation. Therefore, a plaintiff may also lose standing at any point during the litigation. See, e.g., Saladino v. I.L.G.W.U. Nat'l Retirement Fund, 754 F.2d. 473, 477 (2d Cir.1985) (employee lost standing during course of litigation because discovered evidence showed claim no longer valid.)
 
 
 8
 Finally, while we deny Youngberg standing, that does not mean that other parties interested in the plan cannot choose to instigate a similar suit against Great West. In fact, if Youngberg's concerns are well-founded, then we may properly assume that those who do have a stake in the plan will not be loath to step forward.
 
 
 9
 Because we affirm the district court's grant of summary judgment to Great West, we need not address Youngberg's appeal of the district court's denial of his motion for partial summary judgment.
 
 
 10
 Great West has requested that we award it attorneys' fees for this appeal. We decline to do so. We have been extremely reluctant to require an employee-beneficiary to pay the opposing party's attorneys' fees. See, Smith v. CMTA-IMA Pension Trust, 746 F.2d 587 (9th Cir.1984). Furthermore, we agree with the Seventh Circuit's recommendation that courts not require an employee-beneficiary to pay an award when the employee does not have the financial resources to satisfy the award. See, Marquardt v. North Am. Car Corp., 652 F.2d 715, 718-19 (7th Cir.1981). In this case, Youngberg likely does not have the financial resources to pay attorneys' fees to Great West. Youngberg has stated in his disability claims litigation that he has been unable to work and has been placed in serious financial difficulties. Furthermore, the issues Youngberg raised on this appeal were certainly significant even though we did not actually reach any issue beyond Youngberg's standing to sue. As such, it would be inappropriate for us to require Youngberg to pay attorneys' fees to Great West for this appeal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3