41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra L. FURNARI, Plaintiff-Appellee,
v.
Donald C. DORNAN, Defendant-Appellant.
 No. 93-55566.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Nov. 7, 1994.
 
 Before: WALLACE, Chief Judge, REINHARDT and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this Employee Retirement Income Security Act (ERISA) action, brought by Sandra L. Furnari (Furnari), the district court found for Defendants/Appellants, Donald C. Dornan, D.D.S., et al. (Dornan), and then referred the case to a magistrate for fact-finding related to the appropriateness of an award of attorney's fees to Dornan, as authorized by 29 U.S.C. Sec. 1132(g)(1). Based on the magistrate's findings, as well as other relevant factors, the district court denied Dornan's request for attorney's fees. Dornan appealed the denial of attorney's fees, arguing that the district court abused its discretion. We affirm.
 
 
 3
 A court's denial of attorney's fees to a ERISA defendant seldom amounts to an abuse of discretion. Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir.1984). We have directed that, "[i]n determining whether to award fees to either plaintiffs or defendants, courts should consider the guidelines stated in Hummell. Courts should also note the considerations expressed in Marquardt and recognize that the Hummell factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." Id. (referring to Hummell, 634 F.2d at 452 (establishing guidelines for exercise of discretion in awarding attorney's fees) and Marquardt v. North Am. Car Corp., 652 F.2d 715, 719-21 (7th Cir.1981) (discussing in detail why denial of attorney's fees to successful ERISA defendant seldom constitutes abuse of discretion)).
 
 
 4
 In the instant case, the district court expressly and properly considered each of the guidelines stated in Hummell. See Hummell, 634 F.2d at 452. The district court declined to attribute bad faith to Furnari for her pursuit of this action; found that Furnari would be unable to satisfy an award of attorney's fees; found that the award of fees would deter others from acting in similar circumstances; found that the Dornan's actions benefitted plan participants and beneficiaries; and found that Furnari had no basis upon which to prosecute her claim.
 
 
 5
 Although, according to these findings, only two factors support the denial of fees, the Hummell guidelines are not a strict balancing test. No single guideline is necessarily decisive, and some may not be pertinent in a given case. Carpenters, 726 F.2d at 1416; see Terpinas v. Seafarer's Int'l Union, Pac. Dist., 722 F.2d 1445, 1448 (9th Cir.1984). Various permutations and combinations can support an award of attorney's fees. Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 25 F.2d 743, 749 (9th Cir.1994). After careful consideration of the five Hummell factors, the district court, in its discretion, decided that the present combination did not support an award of attorney's fees to Dornan.
 
 
 6
 This careful consideration of the Hummell factors represents a proper exercise of discretion, and the district court did not make a clear error in judgment that would constitute an abuse of discretion. See Franklin v. Thornton, 983 F.2d 939, 943 (9th Cir.1993) (citing Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980) and discussing abuse of discretion standard). Accordingly, the district court's order, denying Dornan's request for attorney's fees under 29 U.S.C. Sec. 1132(g)(1), is
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3