Harold RUBENSTEIN, Trustee, et al., Plaintiffs,

v.

TRI–STATE TRANSPORT, INC., et al., Defendants.

Civ. A. No. 84–661–S.

United States District Court, D. Massachusetts.

Oct. 18, 1984.

Mary T. Sullivan, Segal, Roitman & Coleman, Boston, Mass., for plaintiffs.

**2**

Joseph E. Titlebaum, Glaser, Titlebaum & Connors, Sharon, Mass., for defendants.

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

SKINNER, District Judge.

The plaintiffs in this ERISA action are Teamsters Local 653 and the trustees of Local 653's Health, Welfare and Insurance Fund ("the Fund"). The Fund is a multiemployer plan. The defendants are Tri-State Transport, Inc. ("Tri-State"), T.S.T. Truck Leasing, Inc. ("T.S.T."), and the principal stockholder of each, Paul B. Waitze. The plaintiffs seek enforcement of Tri-State's obligation under a collective bargaining agreement with Local 653 to make contributions to the Fund. The plaintiffs now move for summary judgment against all three defendants on the basis of affidavits and requests for admissions under Fed.R.Civ.P. 36. The defendants have not opposed the motion or answered the requests for admissions, which accordingly are deemed admitted. Fed.R.Civ.P. 36(a).

Section 515 of ERISA provides that

Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

29 U.S.C. § 1145. In order to prevail against Waitze and T.S.T. as well as Tri-State, the plaintiffs must show that there is no dispute (1) that Tri-State violated its obligation under ERISA, and (2) that Waitze, T.S.T. and Tri-State are "employers" within the meaning of ERISA. *Alman v. Servall Mfg. Co.*, C.A. No. 82-0746–MA, slip op. at 1–2 (D.Mass. Apr. 9, 1984).

■ The facts are undisputed that Tri-State and Local 653 entered into a collective bargaining agreement dated November 1, 1981, obligating Tri-State to make monthly contributions to the Fund. These contributions were based on the hours worked by Tri-State's employees each month. During 1983, Tri-State's obligation to the Fund amounted to $12,381.39. Tri-State paid only $2,626.00 of this obligation, leaving a delinquency of $9,755.39. Summary judgment on this liability is appropriate, and accordingly is allowed against Tri-State. *Moyers v. Frank P. Bauer Marble Co.*, 556 F.Supp. 192, 194 (N.D.Ill.1983).

The joint and several liability of Waitze and T.S.T. for this amount depends on whether either is an "employer" within the meaning of ERISA. The act defines "employer" as

any person acting as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan....

29 U.S.C. § 1002(5).

■ On the undisputed facts, during this period Waitz held at least an 80% interest in Tri-State, served as its chief executive officer, hired new employees, spoke for Tri-State in contacts with the Fund, signed and filed monthly reports with the Fund on Tri-State's behalf, and executed several security interests in Tri-State collateral to himself, his wife, father, and mother-in-law in Tri-State's name. There is no evidence that anyone else was similarly involved in the business. I conclude that Waitze acted as an "employer" with respect to the Fund within the meaning of § 1002(5), and as such he is jointly and severally liable with Tri-State for the unpaid contributions to the Fund. *Alman v. Servall Mfg. Co.*, slip op. at 2–3. *Cf. Donovan v. Agnew*, 712 F.2d 1509, 1510–1511, 1514 (1st Cir.1983) (corporate officer with significant ownership interest and operational control held an employer under similar language of .FLSA along with corporation and therefore jointly and severally liable for unpaid wages).

The plaintiffs assert that T.S.T. is also liable for the unpaid contributions, even though it was not a signatory to the collective bargaining agreement and Tri-State and T.S.T. did not share employees. In particular, plaintiffs emphasize the close relationship between the two corporations.

T.S.T. leased trucks to Tri-State for use in Tri-State's trucking business. Both did business at the same address until Tri-State ceased operation in December 1983. Waitze controlled the daily operations of both as principal officer and owner of each.

The plaintiffs argue from these facts that Tri-State and T.S.T. are under common control and hence are to be considered a single employer bearing joint liability for the unpaid contributions. The plaintiffs find support for this conclusion not in the definition of "employer" under ERISA, but in the Act's definition of "multiemployer plan", which provides that "all trades or businesses (whether or not incorporated) which are under common control within the meaning of § 1301(b)(1) of this title [incorporating Treasury regulations promulgated under 26 U.S.C. § 414(c) ] are considered a single employer". 29 U.S.C. § 1002(37)(B). "Multiemployer plan" means "a plan to which more than one employer is required to contribute...." 29 U.S.C. § 1002(37)(A)(i).

 The purpose of counting a group of employers under common control as a single employer clearly is to test whether a plan is a "multiemployer plan". H.Rep. No. 96–869 Part II *reprinted in* 1980 U.S. Code Cong. & Ad. News 2992, 3003. It is not, as the plaintiffs assert, to extend liability for delinquent contributions to a business not subject to the collective bargaining contract under which the liability arose, not employing employees subject to the contract, and related to the employer bound by the contract only through common ownership and management. The case authorities cited by the plaintiffs are inapposite. *Pension Benefit Guaranty Corp. v. Ouimet Corp.,* 711 F.2d 1085 (1st Cir.1983), addressed whether under 29 U.S.C. §§ 1301(b) and 1362 a group of businesses under common control is to be treated as a single employer for the purpose of an employer's reimbursement liability to the Pension Benefit Guaranty Corp. upon terminating a pension plan. The decision has nothing to say about joint liability of related businesses for delinquent contributions under § 1145. The other decision the plaintiffs cite, *Donovan v. Agnew,* 712 F.2d 1509 (1st Cir.1983), concerns the joint liability of a controlling principal with his business, not of separate businesses within a commonly controlled group. In short, the plaintiffs have not shown that they are entitled as a matter of law to a judgment that T.S.T. is liable with Tri-State and Waitze on the unpaid contributions. Further, it does not appear that the plaintiffs would be entitled to judgment against T.S.T. on any reading of the undisputed evidence presented. In such a case the court has authority to grant summary judgment in favor of the nonmoving party. *Ziviak v. United States,* 411 F.Supp. 416, 425 (D.Mass.), *reh. denied* 429 U.S. 951, 97 S.Ct. 371, 50 L.Ed.2d 319 (1976). No material issues remain to be tried, the plaintiffs have had a fair opportunity to present all relevant legal propositions, and nothing would be gained by requiring T.S.T. to file a formal motion.

Accordingly, summary judgment for the plaintiffs is ALLOWED against Tri-State and Waitze and DENIED against T.S.T. Summary judgment is ALLOWED for T.S.T. Judgment shall enter for the plaintiffs jointly and severally against Tri-State and Waitze for contributions due in the amount of $9,755.39 plus interest, statutory liquidated damages and reasonable costs and attorney's fees. 29 U.S.C. § 1132(g)(2). Interest at the statutory rate amounts to $1,603.93. Statutory liquidated damages amount to $1,603.93. Attorney's fees and costs, established by the affidavit of Mary T. Sullivan, amount to $1,910.00.