Ronald **ALMAN, as Trustee, Board of Trustees, Northeast Department, ILGWU Health and Welfare Fund, ILGWU Health Services Plan, and ILGWU National Retirement Fund, Plaintiff,**

v.

**GEORGE MANUFACTURING CORP. and George Kalell, Defendants.**

Civ. A. No. 85–2754–T.

United States District Court, D. Massachusetts.

Feb. 11, 1988.

Donald J. Siegel, Segal, Roitman & Coleman, Boston, Mass., for plaintiff.

Wendy Manz, Lexington, Mass., Howard M. Brown, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for defendants.

## MEMORANDUM

TAURO, District Judge.

Plaintiff, trustee of three International Ladies' Garment Workers' Union ("ILGWU") employee benefit funds ("the Funds"), seeks to collect unpaid pension, health and welfare contributions from the defendants, George Manufacturing Corporation ("the Corporation") and George Kalell, its sole shareholder, officer and director. The action is brought pursuant to §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145 (1982). Both plaintiff and Kalell have moved for summary judgment.

### I.

The Corporation and the Boston Joint Board, Cloak, Skirt and Dressmakers' Union (an association of ILGWU locals) were parties to a collective bargaining agreement covering the Corporation's employees. The agreement was signed by Kalell on behalf of the Corporation.

Under the collective bargaining agreement, the Corporation was required to make periodic contributions to the funds. Beginning some time in 1983, the Corporation fell in arrears and, as of February 23, 1985, owed $122,758.94 to the Funds.

Plaintiff filed the instant action on July 3, 1985 to collect the past-due contributions. All parties, thereafter, stipulated that judgment would enter against the Corporation for $119,358.94.[1] Judgment entered on October 28, 1985.

Plaintiff's judgment against the Corporation has remained substantially unsatisfied, because the Corporation is insolvent.[2] Plaintiff, consequently, seeks to recover the Corporation's debt from Kalell personally on the grounds that, as a matter of "economic reality", a corporate officer-shareholder in Kalell's position is an "employer" under § 3(5) of ERISA, 29 U.S.C. § 1002(5) (1982) (defining "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan").[3]

---

1. The figure of $119,358.94 represents obligations which had accrued through February 23, 1985, minus payments received of $3400. The judgment also provided for payment of interest at the rate of 9% from February 23, 1985; costs of $130; and attorney fees of $1840.

2. The Corporation ceased its manufacturing operations on October 18, 1985, and executed an assignment for the benefit of creditors the same day. The Corporation's machinery was sold at auction on October 25, 1985. Plaintiff was entitled to a distribution from the assignee on his claim against the corporation.

3. The First Circuit has not yet ruled on whether this definition of "employer" includes controlling officers or shareholders. *See DeBreceni v. Graf Bros. Leasing, Inc.,* 828 F.2d 877, 880 n. 2 (1st Cir.1987). That question may be answered when the First Circuit decides an appeal now pending, *Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp.,* C.A. No. 86–411–Z (D.Mass. July 14, 1987) [Available on WESTLAW, 1987 WL 14820], *appeal filed* August 27, 1987. To date, most judges in this district have applied the economic reality test urged by plaintiff. *See, e.g., Starrett Paving, supra, slip op.* at 2 (Zobel, J.); *Trustees of Amalgamated Insurance Fund v. Danin,* 648 F.Supp. 1142, 1147 (D.Mass.1986) (Wolf, J.); *Rubenstein v. Tri–State Transport, Inc.,* 646 F.Supp. 1, 2 (D.Mass.1984) (Skinner, J.); *Alman v. Taunton Sportswear Mfg. Corp.,* C.A. No. 85–2122–C (D.Mass. June 15, 1987) (Caffrey, J.) [Available on WESTLAW, 1987 WL 12554]; *Alman v. Frank's Sportswear Co., Inc.,* C.A. No. 84–2042–S (D.Mass. Jan. 24, 1985) (Skinner, J.), *slip op.* at 8; *Alman v. Servall Manufacturing Co.,* C.A. No. 82–746–MA (D.Mass. April 9, 1984) (Mazzone, J.); *Massachusetts State Carpenters Pension*

**58**

## II.

 Kalell may not be held liable for the Corporation's debt. ERISA provides that:

> Every employer *who is obligated to make contributions to a multiemployer plan under the terms of this plan or under the terms of a collectively bargained agreement* shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145 (emphasis added). This section does not require *all* "employers" to make such contributions. Rather, the only employers affected are those already "obligated to make contributions ... under the terms of the plan or under the terms of a collectively bargained agreement." *Id.*

 Liability for delinquent contributions is neither created nor directly imposed by this section of ERISA. It is, instead, a matter of contract. *See Solomon v. Laranne Sportswear Corp.,* 648 F.Supp. 407, 409 (E.D.N.Y.1986) ("ERISA creates no independent substantive duty to make payments beyond that specified in the terms of the plan and the collective bargaining agreement."); *Mason Tenders District Council Welfare Fund v. Dalton,* 648 F.Supp. 1309, 1316 (S.D.N.Y.1986) (there is an "explicit link in ERISA between an employer's statutory duty to contribute to a benefit plan and the employer's existing contractual obligation to make benefit payments").

 Kalell signed the collective bargaining agreement on behalf of the corporation, not as an individual.[4] Even accepting plaintiff's argument that Kalell was a statutory "employer," he, nonetheless, did not fall within that class of "employers" who were contractually bound to contribute to the Funds.

*Fund v. Atlantic Diving Co., Inc.,* 635 F.Supp. 9, 14–15 (D.Mass.1984) (Mazzone, J.).

---

**4.** An individual might be held liable for debts of a corporation if facts are presented to justify "piercing the corporate veil". *See Alman v. Danin,* C.A. No. 84–50–S (D.Mass. Nov. 13, 1985)

## III.

For the above reasons, plaintiff's motion for summary judgment must be denied, and Kalell's cross-motion for summary judgment must be granted.

An order will issue.

(Skinner, J.), *slip op.* at 11–13, *aff'd* 801 F.2d 1 (1st Cir.1986) (piercing corporate veil to hold individuals liable for unpaid contributions under ERISA). Plaintiff here concedes that there are no grounds for piercing the corporate veil.