**LOCAL 445 WELFARE FUND and Pension Fund Local 445, Plaintiffs–Appellees,**

v.

**Sydney WEIN and Clifford Cohen, Defendants–Appellants.**

**Nos. 1270, 1425, Dockets 88–7006, 88–7070.**

United States Court of Appeals, Second Circuit.

Argued Aug. 15, 1988.

Decided Aug. 23, 1988.

Donald L. Sapir, White Plains, N.Y. (Anne Golden, White Plains, N.Y., of counsel), for plaintiffs-appellees.

John L. Alfano, Alfano & Alfano, Harrison, N.Y., for defendant-appellant Clifford Cohen.

Abe Bunks, Silk and Bunks, P.C., New York City, for defendant-appellant Sydney Wein.

Before WINTER and MINER, Circuit Judges, and BILLINGS, District Judge.*

PER CURIAM:

Defendants-appellants Wein [1] and Cohen appeal from Chief Judge Brieant's order holding them individually liable for payment of delinquent contributions to plain-

tiffs-appellees, Local 445 Welfare Fund and Pension Fund Local 445 (together, the "Funds"). These contributions were due under a multi-employer pension plan pursuant to a collective bargaining agreement between Local 445 and a closely held employer corporation, Dave's Trucking, Inc., of which Wein and Cohen were the chief officers and major shareholders. In a separate, earlier action against the employer, a judgment for the unpaid contributions was entered in favor of the Funds but was not satisfied because Dave's was insolvent.

In the instant case, the complaint alleged that Wein and Cohen were personally liable for payment of the contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145 (1982). During the one-day bench trial, Chief Judge Brieant stated that he deemed the complaint amended to conform to the evidence and, as such, to include a pendent claim under New York State Debtor & Creditor Law. At the conclusion of trial, the court held Wein and Cohen liable for $81,151.29 in unpaid contributions and interest, under N.Y.Debtor & Creditor Law § 274 (McKinney 1945). Chief Judge Brieant determined that sum to be the amount of corporate funds defendants had paid to themselves and to family members without consideration at a time when they knew that contributions to the Funds were due.

The Funds later moved for and were awarded attorney's fees of $27,321.47, pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(D). It is this award of fees under ERISA to parties who prevailed on a state law claim that presents an issue of some importance.

■ We quickly dispose of three minor issues. First, the trial court had subject matter jurisdiction. Chief Judge Brieant specifically denied defendants' motion to dismiss plaintiffs' federal claim under ERISA. Although he later declined to base his decision on that statute, he properly

---

* The Honorable Franklin S. Billings, Jr., United States District Judge for the District of Vermont, sitting by designation.

1. Both Wein and Cohen appealed separately from the judgment. Wein's appeal was dismissed for failure to file a brief and appendix, but it has been conditionally reinstated and the two defendants' appeals consolidated by order of this Court, filed May 13, 1988.

exercised his jurisdiction over a pendent New York state claim in deciding the case.

■ Second, there was sufficient evidence to support the finding that defendants had made a fraudulent conveyance under N.Y.Debtor & Creditor Law §§ 271–74 (McKinney 1945) by unlawfully diverting corporate funds to the owners without consideration. The evidence at trial was sufficient to conclude that: (i) Mr. Cohen, his wife and brother-in-law did not do sufficient work to justify their salaries; (ii) the use of more than one company car was not justified; and (iii) money was diverted for defendants' use out of a company bank account.

■ Third, defendants were not put at a disadvantage because Chief Judge Brieant deemed the complaint amended to conform to the evidence at trial. Even before the presentation of any evidence, Chief Judge Brieant stated that the facts alleged in plaintiffs' opening statements appeared to support a claim under New York law. At several subsequent points, he made clear that he was considering a number of state law theories, including theories based on piercing the corporate veil and diversion of corporate funds. Defendants may not claim to have been surprised by proof based on information from their own files or by testimony from defendant Cohen.

Finally, we address the issue of attorney's fees. Chief Judge Brieant awarded attorney's fees and costs to the Funds pursuant to a provision of ERISA, 29 U.S.C. § 1132(g)(2)(D) (1982), which permits assessment of fees and costs in actions involving delinquent contributions. That section states:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

    *    *    *    *    *    *

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant....

29 U.S.C. § 1132(g)(2)(D) (1982). Chief Judge Brieant found authority in the above section to award fees, even though the judgment in favor of the plan was based on state debtor and creditor law.

■ Although at first glance the application of the ERISA fee provision here may appear incongruous, it was appropriate in the circumstances of the instant case. We note that the purpose of Section 1132 of ERISA supports such a construction. Providing for an award of counsel fees in actions for delinquent contributions was designed to increase the incentives to bring actions where required contributions have not been made. It would undermine this congressional purpose to award counsel fees only for suits against a delinquent corporate employer where that employer has been rendered insolvent by transfers without consideration to the employer's shareholders and their families. The suit against the employer may not even be defended, and the state law action against the transferees may be the only means by which the corporate delinquency can be cured. An award of fees thus furthers the congressional purpose.

Section 1132(g)(2)(D) provides for fees in "any action under this title by a fiduciary" to enforce an employer's obligations under Section 1145. We believe that this language is not unduly strained by an award of fees in the present case. The judgment against the defendants was entirely derivative of the corporate employer's obligations under that section of ERISA. The defendants' liability to the Funds and the extent of that liability were thus both squarely based on ERISA, and it does little violence to the language of Section 1132(g)(2)(D) to award fees.

We draw guidance from our decision in an analogous situation in *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160 (2d Cir.1984). In *O'Hare*, union pension fund trustees sought recovery of unpaid contributions under ERISA. The fund also sought attorney's fees under Section 1132(g)(2) of ERISA to defend a counterclaim against them under the Labor Management Relations Act. We ruled that

the court was entitled to award attorney's fees under Section 1132(g)(2) because the counterclaim grew out of the same general dispute and, if successful, would have stopped the fund from collecting any damages. *Id.* at 171. The defense of the counterclaim was considered part of the "action" to enforce plan payment for which fees are authorized. *Id.* In the instant case, this suit grew out of the original ERISA suit against Dave's Trucking and was the only avenue of relief available to the Funds following their inability to collect from Dave's. We find that the Funds' suit here is sufficiently similar to the counterclaim defense in *O'Hare* so that the suit may be considered part of the "action" to enforce Section 1145, and thus, the district court acted within its discretion in granting fees.[2]

In summary, we affirm the award of attorney's fees pursuant to Section 1132(g)(2)(D).

**Alan V. ROSE and Christina Rose, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 1176, Docket 88–4023.**

United States Court of Appeals, Second Circuit.

Argued May 16, 1988.

Decided Aug. 26, 1988.

Vicki G. Cheikes, New York City, for petitioners-appellants.

Kenneth W. Rosenberg, Atty., Tax Div., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Ann Belanger Durney, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel), for respondent-appellee.

**2.** A number of courts have construed Section 1132(g)(2) to mean that an award of attorney's fees is mandatory when plaintiffs prevail. *See*

*Kemmis v. McGoldrick,* 706 F.2d 993 (9th Cir. 1983); *Operating Engineers Pension Trust v.*

Before MESKILL and WINTER, Circuit Judges, and McCURN, District Judge.[*]

PER CURIAM:

This appeal presents the question of whether a bad debt deduction should be disallowed under Section 1038(a) of the Internal Revenue Code, 26 U.S.C. § 1038(a) (1982), which disallows such a deduction where a taxpayer takes debt in exchange for real property and later reacquires the property in satisfaction of the debt. We conclude that the taxpayer in this case reacquired the property in satisfaction of the debt and affirm the judgment of the Tax Court.

## BACKGROUND

*Reed*, 726 F.2d 513 (9th Cir.1984). We need not address that issue.