724 F.Supp. 1251 (1989)
Beth E. TESCH, Plaintiff,
v.
GENERAL MOTORS CORPORATION, Defendant.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant and Third Party Plaintiff,
v.
Wanda L. BRANDT, Kenneth R. Brandt, Jr. and Michael Brandt, Third Party Defendants.
No. 87-C-1036.
United States District Court, E.D. Wisconsin.
November 17, 1989.
*1252 Jeffrey A. Kaufman, Gimbel, Reilly, Guerin & Brown, Milwaukee, Wis., for plaintiff.
Lawrence T. Lynch, Foley & Lardner, Milwaukee, Wis., for defendant GM.
Seymour Pitcofsky, Pitcofsky & Flaherty, Milwaukee, Wis., for third-party defendants Kenneth and Michael Brandt.
Kimberly Kunz, Michael, Best & Friedrich, Milwaukee, Wis., for third-party defendant Wanda Brandt.
James O. Huber, Foley & Lardner, Milwaukee, Wis., for defendant and third-party plaintiff, Metropolitan Life Ins. Co.

ORDER
MYRON L. GORDON, Senior District Judge.
In this action pursuant to the Employment Retirement Income Security Act [ERISA], 29 U.S.C. § 1001 et seq., the prevailing defendants, General Motors Corporation (GM) and Metropolitan Life Insurance Company (Metropolitan) have separately applied for attorney's fees under 29 U.S.C. § 1132(g)(1). In addition, the court dismissed Metropolitan's third-party complaint and the prevailing third-party defendants have also applied for attorney's fees pursuant to § 1132(g)(1). For reasons stated below, the applications by GM and Metropolitan will be denied and the applications by the third-party defendants will be granted.
Section 1132(g)(1) authorizes the district court to exercise its discretion in awarding attorney's fees to a prevailing party in any action arising under ERISA. The statute makes no distinction between prevailing plaintiffs and prevailing defendants. The court of appeals for the seventh circuit has adopted a standard analogous to that utilized by the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), for determining *1253 whether to award attorney's fees to a prevailing defendant in ERISA actions. Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 830 (7th Cir.1984); see also Giardono v. Jones, 867 F.2d 409, 414 (7th Cir. 1989), Van Boxel v. Journal Co. Employee's Pension Trust, 836 F.2d 1048, 1054 (7th Cir.1987), Chicago Painters Decorators Pension Fund v. Karr Brothers, 755 F.2d 1285, 1292 (7th Cir.1985). The standard is that a prevailing defendant is entitled to a reasonable attorney's fee "unless the court finds that the position of the [plaintiff] was substantially justified or that special circumstances make an award unjust." Bittner, supra, at 830.
In the case at bar, the court dismissed the complaint at the conclusion of the plaintiff's case-in-chief. GM and Metropolitan argue that each is entitled to attorney's fees because the plaintiff's position was not substantially justified. The court disagrees. The plaintiff's failure to make out a prima-facie case turned on her inability to persuade this court that the decedent, Kenneth Brandt, intended to and did effect a change of beneficiary on both his basic and optional life insurance policies.
ERISA is silent on the issue of a standard governing changes in the designation of beneficiary. Therefore, it is proper for this court to look to state law in fashioning a federal common law rule, as long as the state law is consistent with the purposes underlying ERISA. Fox Valley & Vicinity Construction Workers Pension Fund v. Brown, 879 F.2d 249, 253 (7th Cir.1989).
The defendants correctly argue that the applicable state law is Wis.Stat. § 632.48. This statute provides that unless a designation of beneficiary is explicitly irrevocable, a policyholder may change the beneficiary without the consent of the previously designated beneficiary by any act that unequivocally indicates an intent to make the change. The Wisconsin Supreme Court has stated that an unequivocal act is one that is not subject to more than one inference:
As long as there is no room for doubt as to the insured's intent, ..., we need not place undue emphasis on the nature of the act performed by the policyholder. The statute itself states that "any" act will be sufficient provided the intent is evident.... We wish to make clear that where there is more than one possible inference as to the insured's intent, we will not engage in the speculative exercise of determining what the real intent was. Under those circumstances, ... we would refuse to recognize the attempt to remove the named individual as beneficiary.
Empire General Life Insurance v. Silverman, 135 Wis.2d 143, 158-59, 399 N.W.2d 910 (1987).
The act which was offered by the plaintiff as proof of an intent to change the beneficiary of the decedent's optional life insurance policy was a request by Kenneth Brandt to the company official in charge of beneficiary designations on March 5, 1984, in which he stated: "I want to change my insurance policy." This request provides an arguable inference that Kenneth Brandt intended to change the beneficiary of both his insurance policies. Furthermore, this inference was supported by the the testimony of various witnesses who stated that the decedent had said that the plaintiff was to receive an amount approximately equal to the combined amount of both policies. Additional support for the inference came from one of the third-party defendants, Kenneth Brandt Jr., who testified that his father never differentiated between the basic and optional policies and that his father told him that the plaintiff was a designated beneficiary of his life insurance.
However, the decedent's act also produced the inference that he intended to change only the basic policy. This inference is supported by the undisputed evidence that the decedent had successfully changed the beneficiary designation on his optional policy one year earlier.
Thus, the request to change the beneficiary of his life insurance produced at least two contradictory inferences and therefore failed to constitute an unequivocal act. The inference that the decedent intended to change the beneficiary of both policies was *1254 not frivolous and provided the plaintiff with a solid basis to argue that it constituted an unequivocal act. The plaintiff lost a key factual issue, and as a result was unable to establish a prima-facie case; however, the nature of this issue precludes a determination that her action was not substantially justified.
The court also dismissed the third-party complaint at the conclusion of the plaintiff's case-in-chief. Metropolitan opposes the prevailing third-party defendants' requests for fees on the ground (1) that the third-party complaint was not based on ERISA and thus is outside the scope of § 1132(g)(1) and (2) that Metropolitan had a solid basis for filing its claim against Wanda Brandt and her two sons.
First, § 1132(g)(1) authorizes an award of attorney's fees "[i]n any action under ERISA." Fairly construed, this provision does not limit recovery of attorney's fees to ERISA based claims, but rather allows for recovery of attorney's fees and costs of the action. The court has not found any reported cases squarely resolving this point, but several courts have interpreted § 1132(g)(2) so as to shed light on § 1132(g)(1).
In Local 445 Welfare Fund v. Wein, 855 F.2d 62, 65 (2nd Cir.1988), the court held that a prevailing plaintiff was properly awarded attorney's fees under ERISA for successfully defending a counterclaim under the Labor Management Relations Act. The court noted that the "counterclaim grew out of the same general dispute and if successful, would have stopped the [plaintiff] from collecting any damages [under ERISA]." Id; see also O'Hare v. General Marine Transport Corp., 740 F.2d 160, 171 (2nd Cir.1984). In Retirement Fund of the Fur Manufacturing Industry v. Getto & Getto, 714 F.Supp. 651, 656 (S.D.N.Y.1989), the court relied on the reasoning of Local 445 Welfare Fund to conclude that a prevailing plaintiff is also entitled to attorney's fees under 1132(g)(2) for a state claim that is part of the ERISA based action.
Under § 1132(g)(2) attorney's fees are mandatory whereas under § 1132(g)(1) attorney's fees are discretionary. However, this difference is not relevant to whether an award of fees under either section is limited to ERISA claims or to actions arising under ERISA. The approach of the court in Local 445 Welfare Fund is equally applicable to § 1132(g)(1). Metropolitan filed the third-party claim in order to indemnify itself from the risk of liability arising from the underlying action. The underlying action arose under ERISA. Therefore, in my opinion, § 1132(g)(1) is available to the third-party defendants for recovery of attorney's fees even though they prevailed on a state common law claim.
The remaining question is whether Metropolitan was substantially justified in filing a third-party claim against the Brandts. The merits of the claim were never reached since it was dismissed as moot when the underlying ERISA claim was dismissed.
Metropolitan asserts that if it had been found liable to the plaintiff, it follows that the plaintiff would have been entitled to the proceeds of the optional policy and not the third-party defendants. Therefore, the third-party defendants would have been unjustly enriched by receipt of the proceeds of the optional policy. By involving the Brandts, Metropolitan was seeking to minimize its exposure. As it turned out, involving the Brandts was unnecessary since they had properly received the insurance proceeds in the first instance, and the plaintiff's claim was dismissed.
Metropolitan correctly argues that during the pendency of the underlying ERISA claim it faced the potential of liability to the plaintiff, and therefore its third-party claim against the Brandts was substantially justified. The fact remains that the third party defendants were brought in by Metropolitan for the latter's benefit; the Brandts were forced to defend and to incur substantial expenses at Metropolitan's instance. If this were not an ERISA-derivative lawsuit, the third party defendants would be obliged to pay their own legal fees and expenses. However, since the ERISA tie provides the court with the discretion *1255 to tax costs and fees, I deem it the better exercise of such discretion to assess attorney fees and costs in favor of the Brandts against Metropolitan.
An overriding purpose of ERISA is to protect the interests of participants and their beneficiaries by establishing standards of conduct for fiduciaries. See 29 U.S.C. § 1001(b). This purpose is ill served by the judicial creation of an incentive to fiduciaries to seek to minimize their own exposure to liability by filing third-party complaints against beneficiaries. Metropolitan has a nondelegable fiduciary duty to its beneficiaries under ERISA. See 29 U.S.C. § 1104. As beneficiaries, the Brandts received the proceeds of the optional policy. By causing the Brandts to assist in the defense of the lawsuit, Metropolitan in effect subsidized the cost of defending itself from the underlying suit by taxing those proceeds.
Wanda L. Brandt has applied for attorney's fees amounting to $11,557.00. This amounts to 120.2 billable hours at an average rate of $95.00 per hour. Kenneth R. Brandt, Jr. and Michael Brandt have applied for attorney's fees of $4,327.50 for 57.7 billable hours at the rate of $75.00 per hour. In light of the fact that Metropolitan has not opposed either amount, the court finds that the requests are reasonable.
Therefore, IT IS ORDERED that the applications for attorney's fees against Beth E. Tesch filed by General Motors corporation and Metropolitan Life Insurance Company pursuant to 18 U.S.C. § 1132(g)(1) be and hereby are denied.
IT IS ALSO ORDERED that the application for attorney's fees against Metropolitan Life Insurance Company filed by Wanda L. Brandt pursuant to 18 U.S.C. § 1132(g)(1) be and hereby is granted in the amount of $11,557.00.
IT IS FURTHER ORDERED that the application for attorney's fees against Metropolitan Life Insurance Company filed by Kenneth R. Brandt, Jr. and Michael Brandt pursuant to 18 U.S.C. § 1132(g)(1) be and hereby is granted in the amount of $4,327.50.