Beth E. TESCH, Plaintiff–Appellee,

v.

GENERAL MOTORS
CORPORATION, Defendant.

METROPOLITAN LIFE INSURANCE
COMPANY, Defendant, Third–Party
Plaintiff/Appellant,

v.

Wanda L. BRANDT, Kenneth R.
Brandt, Jr., and Michael Brandt,
Third–Party Defendants/Appellees.

No. 89–3750.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 1, 1990.

Decided July 16, 1991.

Lawrence T. Lynch, George D. Cunningham, James O. Huber, Alexander T. Pendleton, Foley & Lardner, Milwaukee, Wis., and William J. Toppeta, and Allan M. Marcus, Metropolitan Life Ins. Co., New York City, for Gen. Motors Corp. and Metropolitan Life Ins. Co.

Gary A. Ahrens, Kimberly A. Kunz, Michael, Best & Friedrich, Seymour Pikofsky, and Robert G. Stuligross, Pikofsky, Zauner & Campenni, Milwaukee, Wis., for Wanda L. and Michael Brandt and Kenneth R. Brandt, Jr.

Before BAUER, Chief Judge, and CUDAHY and POSNER, Circuit Judges.

BAUER, Chief Judge.

In this appeal, we are asked to determine whether the district court abused its discretion in awarding attorney's fees to prevailing defendants in an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Applying the settled law of this circuit, we find that the district court's order awarding attorney's fees to the third-party defendants-appellees was indeed an abuse of discretion and, therefore, we reverse.

I.

Kenneth R. Brandt, Sr., a salaried employee for the A.C. Sparkplug Division of General Motors Corporation for 24 years, died on September 25, 1986. During his employment, Brandt participated in General Motors' Employee Benefits Plan ("Plan"), which provided Basic Group Life Insurance Benefits ("basic benefits"). These basic benefits were provided to Brandt and other Plan participants through Metropolitan Life Insurance Company's policy that was issued to General Motors. Brandt also enrolled in the Plan's Optional Group Life Insurance Benefits coverage ("optional benefits"). The basic benefits were entirely paid for by General Motors, while the optional benefits were paid for by participants through payroll deductions. Premium rates for this optional coverage are determined by the financial experience of the policy in the previous year. For instance, if the financial experience of the policy was favorable (i.e. gains exceed losses and claims), then the following year's premium rate would be reduced. Conversely, if the financial experience of the policy had been unfavorable, then the premium rate in the following year would increase.

Brandt was married to Wanda L. Brandt from July 2, 1960, until their divorce decree was entered on August 15, 1984. The couple had three children during their marriage: two sons, Kenneth R. Brandt, Jr. and Michael Brandt, and a daughter, Kerri R. Brandt. In November, 1983, Brandt met Beth Tesch and maintained a relationship with her until his death in September 1985. According to Tesch, she and Brandt were planning to marry.

On June 7, 1974, Brandt designated Wanda Brandt as sole beneficiary of his optional benefits. Nine and a half years later, Brandt changed the designation of his optional policy to provide that Wanda Brandt receive ninety percent (90%) and Kerri Brandt receive ten percent (10%) of his optional benefits. No other beneficiary designation forms ever were filed with General Motors by Brandt concerning the optional benefits.

On May 17, 1974, Brandt designated Wanda Brandt as beneficiary of his basic benefits. Ten years later, Brandt made another change: he changed the designa-

tion of his basic policy so that Kerri Brandt would receive ten percent (10%) and Tesch would receive ninety percent (90%) of his basic benefits. At the time of his death, Brandt's basic benefits amounted to $80,600, while his optional benefits totalled $201,300. In 1986, Metropolitan made payment to the various parties named as beneficiaries in the two policies: Tesch received $72,424.51, which represented ninety percent (90%) of the basic benefits plus interest; Kerri Brandt received $20,747.69, representing 10% of the optional benefits plus interest and $8,307.32, representing 10% of the basic benefits plus interest; and Wanda Brandt, who had assigned $30,000 to each of her two sons, Kenneth Brandt, Jr. and Michael Brandt, received a total of $190,968.03, representing 90% of the proceeds from Brandt's optional policy plus interest.

In 1988, Tesch sued General Motors and Metropolitan, claiming that Brandt had intended to name her as beneficiary of all his group life insurance coverage when he changed the beneficiary designation of his basic benefits. Tesch alleged that General Motors breached its fiduciary duty under ERISA by its failure to inform Brandt that two forms were necessary to change beneficiaries for all his group life insurance benefits. Tesch's complaint also alleged a breach of fiduciary duty by Metropolitan. She claimed that Metropolitan's decision not to pay her the proceeds of the optional policy was arbitrary, capricious, or motivated by bad faith, thereby constituting a breach of fiduciary duty under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1).

On October 17, 1988, Metropolitan, with leave of the trial court, filed a third-party complaint against Wanda Brandt, Kenneth Brandt, Jr., and Michael Brandt. The third-party complaint alleged an indemnification claim against the Brandts in the event that Metropolitan was found to be obligated to pay all or any portion of the optional benefits to Tesch. The Brandts moved to dismiss Metropolitan's third-party complaint, arguing that even if Metropolitan were found to be liable to Tesch, no set of facts could be proved that would allow Metropolitan to obtain restitution from the third-party defendants. The district court denied the Brandts' motion to dismiss, holding that Metropolitan had stated a valid third-party cause of action against the Brandts:

> If the facts determined at trial prove that the plaintiff was and is entitled to the proceeds of the optional policy, it follows that the Brandts were not so entitled. Assuming the truth of the allegation of wrongdoing on the part of Metropolitan Life, it would be clearly inappropriate for the court to rule at this juncture that no set of facts could be shown that Metropolitan Life in good faith paid the wrong party.

*Tesch v. General Motors,* 718 F.Supp. 30, 32 (E.D.Wis.1989).

General Motors and Metropolitan then moved for summary judgment. The district court, however, did not rule on the motions and the suit proceeded to trial. At the close of Tesch's case, the district court granted the defendants' motions to dismiss, finding that Tesch had failed to present *prima facie* evidence that Brandt had performed an unequivocal act that showed an intent to make her the beneficiary of his optional benefits. The district court also concluded that Tesch had not met her burden of showing that either General Motors or Metropolitan had acted arbitrarily, capriciously, or in bad faith. Having held that Tesch could not receive any optional benefits, the district court in turn dismissed Metropolitan's third-party complaint against the Brandts.

Following dismissal of the case, Metropolitan and General Motors applied for attorney's fees against Tesch pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1). The Brandts also applied under ERISA for attorney's fees against Metropolitan.[1] In its November 17, 1989 Or-

---

**1.** In the district court, Metropolitan argued that the Brandts were not entitled to attorney's fees because, among other things, the third-party complaint was an indemnification claim and was not based on ERISA. Therefore, Metropolitan argued, the Brandts were unable to avail themselves of the fee-shifting provision of ERISA Section 502(g)(1). The district court

der, the district court noted that the Seventh Circuit "has adopted a standard analogous to that utilized by the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), for determining whether to award attorney's fees to a prevailing defendant in ERISA actions." *Tesch*, 724 F.Supp. at 1252–53. Quoting our language in *Bittner v. Sadoff & Rudoy Industries*, the district court determined that that standard allows a prevailing defendant reasonable attorney's fees "unless the court finds that the position of the [plaintiff] was substantially justified or that special circumstances make an award unjust." 728 F.2d 820, 830 (7th Cir.1984). *See also Giardono v. Jones*, 867 F.2d 409, 414 (7th Cir.1989); *Van Boxel v. Journal Co. Employee's Pension Trust*, 836 F.2d 1048, 1054 (7th Cir.1987).

With that governing logic, the district court made two key findings of fact. First, the court found that Tesch's position was substantially justified. The court determined that "the inference that [Brandt] intended to change the beneficiary of both policies was not frivolous and provided the plaintiff with a solid basis to argue that it constituted an unequivocal act." *Tesch*, 724 F.Supp. at 1253–54. The court, therefore, denied the applications for attorney's fees filed by General Motors and Metropolitan against Tesch. Second, the district court found that, even though Metropolitan's third-party claim against the Brandts was substantially justified by Metropolitan's understandable desire to minimize its exposure to duplicate claims, it would be "a better exercise of discretion" to assess attorney's fees and costs in favor of the Brandts against Metropolitan. The court reasoned that the overriding purpose of ERISA—to protect the interests of participants and their beneficiaries by establishing standards of conduct for fiduciaries—would be ill-served by the judicial creation "of an incentive to fiduciaries to seek to

minimize their own exposure to liability by filing third-party complaints against beneficiaries." *Id.* at 1255. Thus, the district court granted the application for attorney's fees filed by the Brandts against Metropolitan. Metropolitan appealed.

## II.

In the United States, the prevailing litigant is ordinarily not entitled to collect attorney's fees from the loser. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Yet, in ERISA Section 502(g)(1), the applicable statute in the present dispute, Congress permits courts to tax reasonable attorney's fees and costs of the action to either party. Section 502(g)(1) commits this award of attorney's fees to the discretion of the district court. An award of attorney's fees under that section, then, will be reversed only if the court abused its discretion. *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 765 (7th Cir. 1982), *cert. denied*, 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). *See also Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 121 (7th Cir.1989). Nevertheless, as we declared in *Bittner*, "this discretion is not to be exercised without any criteria; it is not unlimited." 728 F.2d at 829. In *Bittner*, we turned for a useful analogy to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), in order to provide a model to give meaning to the word "discretion" in the ERISA statute. 728 F.2d at 830. As the district court in this case properly noted, that model entitles a prevailing party to reasonable attorney's fees unless the court finds that the position of the losing party was "substantially justified" or that special circumstances make an award unjust. The *Bittner* model provides an alternative to an

ruled that Section 502(g)(1)'s language, authorizing an award of attorney's fees "[i]n any action under ERISA," does not limit recovery of fees to ERISA-basedclaims, but rather allows for recovery of fees and costs of the entire action. *Tesch v. General Motors*, 724 F.Supp. 1251, 1254 (E.D.Wis.1989). Metropolitan does not challenge this ruling on appeal. The full

scope of ERISA's fee-shifting provision is a novel question in this circuit. Yet, because we determine that the Brandts' attorney's fees should not have been assessed against Metropolitan, and because the issue has not been briefed and argued, we need not decide this question today.

earlier, multi-factor approach,[2] and yet incorporates its virtues. "The exception for special circumstances that would make an award of fees unjust in a particular case imparts flexibility to the standard and continuity with the cases that use a multi-factor approach.... [T]hose factors, as well as others not mentioned in those cases, may in particular instances constitute exceptional circumstances that would make a fee award unjust...." *Id.* Cases in this circuit subsequent to *Bittner* have applied both models. *See Nichol,* 889 F.2d at 121 (citations omitted). *See also Meredith v. Navistar,* 935 F.2d 124, 128–29 (7th Cir.1991); *Rivera v. Benefit Life Ins. Co.,* 921 F.2d 692, 698 (7th Cir.1991).

We need not concern ourselves with choosing between the multi-factor approach and *Bittner's* "substantially justified" standard. It is difficult to imagine a situation in which the application of one model rather than the other would alter our decision concerning the propriety of an award of costs or fees. *See Nichol,* 889 F.2d at 121–22. As we stated in *Nichol,* "Both tests are designed to award costs and fees to the prevailing party where there is reason to believe that the losing party engaged in litigation merely to harass its opponent." *Id.* at 122. *See also Meredith,* 935 F.2d at 128 ("Whichever approach is used, the bottom-line question is essentially the same: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?"). For purposes of deciding the instant case, suffice it to say that the district court chose to apply *Bittner's* "substantial justification" test, and we will not quarrel with that selection. Instead, we need only evaluate the district court's application of the *Bittner* test to the facts in order to determine whether the district court abused its discretion.

Metropolitan argues that during the pendency of the underlying ERISA action brought by Tesch, it faced potential liability to Tesch. Metropolitan asserts, and quite correctly, that if it had been found liable to Tesch, then Tesch, and not the Brandts, would have been entitled to the proceeds of the decedent's optional policy. The Brandts then would have been unjustly enriched by the earlier receipt of those proceeds. By filing a third-party action against the Brandts, Metropolitan merely sought to minimize its exposure in the event that the court determined that Tesch was the proper beneficiary of the optional policy. Thus, the crucial questions are whether Metropolitan was substantially justified in filing a third-party claim against the Brandts, and, if not, whether there were any special circumstances that make an award of fees and costs to the Brandts unjust.

The district court found, as we have described, that both Tesch's ERISA action against Metropolitan and General Motors and Metropolitan's third-party claim against the Brandts were substantially justified. But the court did not apply the same symmetry to the parties' applications for attorney's fees: Metropolitan had to pay for the Brandts' attorney's fees, but Tesch was not required to pay Metropolitan's attorney's fees. Metropolitan argues that this disparate treatment demonstrates the district court's abuse of its discretion. In this case, we agree. The reasons given for the district court's ruling—that Metropolitan has a nondelegable fiduciary duty to its beneficiaries and, thus, the Brandts, as beneficiaries, should not be forced to assist in the Metropolitan's defense—are simply not sufficient.

Metropolitan, as an ERISA fiduciary, does indeed have a duty to act "solely in the interest of the participants and beneficiaries and for the exclusive purpose of: (i)

---

2. The multi-factor approach lists five factors for a district judge to consider in evaluating a fee request under Section 1132(g)(1): "(1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; (3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *See, e.g., Marquardt v. North American Car Corp.,* 652 F.2d 715, 717 (7th Cir.1981) (citations omitted).

providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan...." ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1)(A). But this by itself does not obligate Metropolitan to pay the Brandts' fees and costs for defending against Metropolitan's third-party indemnification claim. Once the district court found that Metropolitan's third-party claim was substantially justified, it was precluded from taxing the fees and costs of the Brandts against it. What can "substantially justified" mean if not that the party had a reasonable and solid basis on which to sue? Given that understanding, ERISA Section 502(g)(1) follows the general American rule that does not require the loser to pay the winner's costs. To conclude otherwise would be tantamount to determining that ERISA simply adopted the English (and continental) rule that the winning party to a lawsuit is automatically awarded a reasonable attorney's fee. The language of the statute that commits the decision to award or not to award fees to the "discretion" of the district court suggests that such was not Congress' intention. *See Bittner*, 728 F.2d at 830.

In the instant case, the district court apparently reasoned that "special circumstances"—namely, Metropolitan's status as fiduciary—justified an award of attorney's fees to the Brandts. Yet, *Bittner* only permits a court to consider special circumstances that would make an "award against a plaintiff unjust even though he did not have a solid basis for his suit." 728 F.2d at 830. Thus, the "special circumstances" exception is employed when denying a fee award to a prevailing defendant when the plaintiff's suit was not "substantially justified." Because Metropolitan's suit was substantially justified, the "special circumstances" exception cannot lead the court to award attorney's fees against the losing plaintiff.

Moreover, the reasons underlying the district court's determination that Metropolitan's suit was substantially justified also resolve the inquiry into "special circumstances" in this case. As fiduciary for all participants and beneficiaries of the op-

tional policy, Metropolitan owed a duty to provide benefits and defray administrative expenses for the entire plan. *See Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 570–72, 105 S.Ct. 2833, 2840–41, 86 L.Ed.2d 447 (1985); *Leigh v. Engle*, 727 F.2d 113, 123 (7th Cir.1984). In bringing its indemnification action against the Brandts, Metropolitan acted prudently to minimize the risk of duplicate payment. The additional costs that Metropolitan would incur as a result of any duplicate payment would be charged to the "financial experience" of the optional policy, thus affecting the future rate structure for all Plan participants. The costs of duplicate payment, then, ultimately would be borne by the General Motors Plan and its participants. Metropolitan's third-party suit against the Brandts merely sought to protect the overriding interest of *all* Plan participants in accordance with the goals of ERISA.

### III.

For the foregoing reasons, we find that the district court's order of November 17, 1989, awarding attorney's fees to the Brandts constitutes an abuse of discretion, and therefore, is

Reversed.

CUDAHY, Circuit Judge, concurring.

I think the legal analysis of the majority is hard to escape, but its economic justification of the result goes a bit too far. Of course, the majority pursues what is essentially a "there is no free lunch" view. Metropolitan must distribute the costs it incurred in avoiding a duplicate payment. Had the Brandts not been sued at their own expense, the costs of a possible duplicate payment would have been spread among all Plan participants.

But there is another aspect to the problem. Through their participation in the suit (at a cost of $11,557), the Brandts probably subsidized Metropolitan by substantially reducing the costs Metropolitan would otherwise have been forced to incur

in defending the Tesch lawsuit on its own. This was an economic benefit reaped by the Plan and, ultimately, by all the other beneficiaries of the Plan (who, under the "no free lunch" principle, must share in the costs of Plan administration). Perhaps Metropolitan (and the beneficiaries) did not save the entire $11,557, but they may have saved a substantial part of that sum.

Therefore, the equities as between requiring the Brandts to shoulder *all* their own legal costs of defending the third party action—a significant fraction of the insurance benefits they received—and distributing those costs to all the Plan participants by requiring Metropolitan to assume them are not as clear-cut as the majority holds. Were it not for the apparently inescapable dictates of the statute and the cases, under these unusual facts, I believe that the Brandts might properly prevail. They may have sufficiently contributed to what would otherwise be a cost of the Plan and all its beneficiaries to justify an exercise of discretion by Judge Gordon in the district court.